Ex parte HARRINGTON & HUBBELL *vs.* THE TRUSTEES OF THE VILLAGE OF ROCHESTER.

*Groceries* cannot be *licensed* in this state (except in the city of New-York) to sell strong and spirituous liquors, to be drank in the buildings in which such groceries are kept ; none but *tavern keepers* may sell liquors to be drank in their houses.

The revised statutes, limiting to *tavern keepers* the sale of liquors to be drank in the house of the seller, *repeal* all former *statutes* conferring power upon *commissioners of excise* or *trustees of villages* to grant licences to grocers to sell strong and spirituous liquors to be drank in their houses ; such commissioners and trustees are deprived of the power of granting licences to grocers for the above purpose, notwithstanding the *saving clause*, § 27—it requiring the corporations of cities and the trustees of villages to exercise their powers *in the manner prescribed* in the statutes, and such manner amounting to a total prohibition.

The prohibition extends as well to trustees of villages who were authorized to grant licences to *petty grocers*, as to all others.

THE relators, in May last, applied to the trustees of the June 20. village of *Rochester* for a licence to retail spirituous liquors, to be drank in the building occupied by them as a grocery. The trustees refused to act or to exercise any discretion whatever

ALBANY,
June, 1833.

Harrington
v.
Trustees of
Rochester.

upon the application of the relators, upon the ground that no power or authority existed in the board to grant such licence. The relators applied to this court for a *mandamus*.

*H. Gay*, for relators.

*A. Taber*, contra.

*By the Court*, SAVAGE, Ch. J. The question is whether the trustees of the village of *Rochester* have power to grant licences to grocers, to sell strong and spirituous liquors to be drank in the buildings in which such groceries are kept. The 12th section of the act incorporating the village confers the power in these terms : " And the said trustees shall be, and they are hereby authorized to grant licences to such and so many of the said petty grocers to sell strong and spirituous liquors, to be drank in the building in which such grocery shall be kept, for a term not exceeding one year at any one time ; and to establish and fix the amount of money to be paid for each of said licences, and to take recognizance from every such grocer as aforesaid, in such penalty and with such sureties as the board of trustees shall deem reasonable," &c. *Session Laws*, 1826, *p.* 118, § 12. When the act was passed incorporating the village of Rochester, the *excise law* of 1801, re-enacted in 1813, was in force. 1 *R. L.* 176. By it the commissioners of excise of each town (the supervisor and two justices) had power to grant licences to tavern keepers, and also to grant licences to retail strong and spirituous liquors under five gallons. § 2 & 3. By the 6th and 7th sections, all persons except tavern keepers are prohibited, under the penalty of $25, from selling strong and spirituous liquors to be drank in their houses, out houses, yards or gardens, unless such persons have entered into recognizance *as tavern keepers*. At the time, therefore, when *Rochester* was incorporated, the general law of the state prohibited the sale of strong and spirituous liquors to be drank in any house except taverns. The act incorporating Rochester, specially authorized the trustees of that village to grant licences to petty grocers therein, permitting them to sell by retail strong and spirituous liquors to be drank

in the building in which the grocery was kept. This was an exception to the general rule. The two laws being construed together, establish the general proposition that no liquor shall be sold to be drank in the house of the seller, except by tavern keepers and by such persons in the village of Rochester as shall receive a licence for that purpose from the trustees of that village. There were similar exceptions in favor of other villages and the cities. Thus the law remained until the revised statutes took effect, in 1830.

By the revised statutes, the commissioners of excise are designated, and they have power to grant licences to keepers of inns and taverns, being residents of their town, to sell strong and spirituous liquors and wines to be drank in their houses respectively ; and to grocers, being such residents, a licence to sell such liquors and wines in quantities less than five gallons, but not to be drank in their shops, houses, out houses, yards or gardens. 1 *R. S.* 678, § 4. By § 6, licences shall not be granted to any person to sell strong and spirituous liquors and wines to be drank in the house of the seller, unless such person proposes to keep an inn or tavern, &c. ; and by § 12, in all licences that may be granted to grocers or other persons applying for the same (except tavern keepers) to sell strong or spirituous liquors or wines in quantities less than five gallons, there shall be inserted an express declaration that such licence shall not be deemed to authorize such sale of any liquor or wines, to be drank in the house or shop of the person receiving such licence, or in any out house, yard or garden appertaining thereto or connected therewith ; and by § 15, whoever shall sell any strong or spirituous liquors, or any wines, in any quantity less than five gallons, without having a licence therefor, granted as therein directed, shall forfeit $25 ; and by § 16, whoever shall sell liquors to be drank in his house, out house, yard or garden, or shall suffer any such liquors sold by him or under his authority to be drank in his house, &c. without a licence as tavern keeper, shall forfeit $25.

It must be conceded that the sections of the revised statutes above referred to contain an express prohibition against the sale of liquor by retail, to be drank in the house of the seller,

ALBANY,
June, 1833.

Harrington
v.
Trustees of
Rochester.

unless he be a tavern-keeper; and this prohibition is to be enforced by a penalty. The terms used are general, and comprehensive, and apply to the whole state. It is argued by the counsel for the relators that the revised statutes contain no express repeal of the powers given to the trustees of Rochester, and that those powers are no more repugnant to the revised statutes than they were to the statutes of 1801 and 1813, which contained similar provisions. That the power to license *grocers* to sell liquor to be drank in their stores or houses is no more repugnant to the statutes of 1830, than it was to the statute of 1801, is certainly true; yet it by no means follows that the power to license such grocers now exists—the contrary is the legitimate conclusion from those premises. The power of the legislature to modify or repeal the acts of their predecessors, in all matters of general policy, and not affecting vested rights, is too well established to be now controverted; that the legislature has power to modify, enlarge or abridge the powers of its own corporations, in matters concerning the public morals or welfare, cannot admit of a doubt; but lest such a pretension should be set up, the legislature declared, in the charter of this village, that such a power was reserved by the declaration that "the legislature may alter, modify or repeal this act." The power to modify or repeal being established, the question recurs, have the legislature taken from the trustees the power to grant the licences in question? Among the principles which govern in the construction of statutes is this: "If the latter part of a statute be repugnant to the former part thereof, it shall stand; and so far as it is repugnant be a repeal of the former part, because it was last agreed to by the makers of the statute." *Bacon's Abr. tit. Statutes, D.* So if there are two statutes on the same subject which are repugnant, the latter operates as a repeal of the former, so far as the repugnancy extends—for example, the statute of 1801 prohibited the sale of liquor to be drank in the house of the seller, not being a tavern-keeper, and no power existed within the state to grant a license for that purpose. The 12th section of the act incorporating the village of Rochester conferred such power upon the trustees. The act conferring this power did not in terms repeal any part of

ALBANY,
June, 1833.

Harrington
v.
Trustees of
Rochester.

the law regulating taverns passed in 1801 and re-enacted in 1813, yet such was its effect. The law of 1801 said that no such licenses should be granted. The law of 1826 said that such licenses might be granted in the village of Rochester. The latter law prevailed ; the two were repugnant, and could not stand together and have effect in the same place ; the latter operated as a repeal *pro tanto* of the former law ; or if both are considered as one law, then it is an exception. Apply the same reasoning to the facts now existing, and contrast in the same manner the acts of 1826 and 1830. The former says that licences may be granted in Rochester to authorize the selling of liquor to be drank in the house of the seller ; the latter says that no such practice shall be tolerated in the state. Rochester is within the state, and of course within the prohibition. The repugnancy is apparent, and the consequence of that repugnancy is palpable ; the law of 1830 being the latest expression of the will of the legislature on the subject must prevail, and the law of 1826, so far as it authorized the granting such licences, is repealed. In opposition to this view of the case, it was argued that the law of 1830 is a mere revision of the existing laws, and therefore produces no change. The answer is, that the fact is not so ; the revised statutes are not a mere revision ; they are a new code of laws, and were intended by the legislature to supersede existing laws which were repugnant to them. Thus far I have considered the question, without reference to the 27th section of the revised statutes on this subject, and upon the ground assumed by the relator's counsel, that the repealing statute did not in terms touch the power conferred by the act of 1826. It was certainly unnecessary for the legislature to enumerate every statute by its *title*, in order to repeal it. In 1801 it was declared that all acts and parts of acts which came within the purview of the revised acts should be repealed. 1 *K. & R.* 619. The same general language was used in 1813. 2 *R. L.* 556. The legislature have done the same thing in the last revision, although they have enumerated most by their titles ; the repealing act of December 10, 1828, declares that from and after the 31st December, 1829, the following acts and parts of acts heretofore passed by the legislature of this state shall be repealed. At No. 549, we have the following words : " All

ALBANY,
June, 1833.

Harrington
v.
Trustees of
Rochester.

statutes and parts of statutes consolidated and re-enacted in the revised statutes, OR *repugnant to the provisions contained therein.*" I have endeavored to shew that this clause was not necessary to the repeal of such repugnant provisions; but for greater caution, it has been incorporated in the repealing act.

To shew that the legislature intended to embrace the whole state in the sections of the law regulating taverns and groceries, which I have been considering, reference is had to the 27th section, 1 *R. S.* 682, which is in these words: "The preceding provisions of this title shall not extend to the city of New-York; nor shall they impair the powers of any corporation of any other city, town or village, or of the trustees of any village, specially authorized by law to grant licenses to sell strong or spirituous liquors; but such powers shall be exercised, in the manner herein prescribed, by such corporation, or the officers authorized by it, instead of the board of commissioners of excise herein created." But for this section the law in question would have embraced the city of New-York, upon the corporation of which city greater authority in this respect has been conferred than upon the corporation of any other city or the trustees of any village. "The provisions of this title shall not impair the powers of any corporation or trustees specially authorized to grant licences;" that is, whenever the trustees are authorized to grant licenses, they may still do so, but they must do it "in the manner herein prescribed." What is that manner? The 12th section answers—In every license granted to grocers, there shall be inserted an express declaration that such license shall not authorize the sale of any liquor to be drank in the house, out house, yard or garden of the person receiving such license. It is urged that this reasoning is not applicable to the trustees of Rochester, because they had no power as commissioners of excise generally; those are exercised by the commissioners of the towns of Gates and Brighton, parts of which towns compose the village of Rochester; and the only power which the trustees have, is to license these very groceries, and these powers are not to be impaired. I answer, the powers of all commissioners of excise, in country towns, in villages, and in cities, except New-York, are put upon the same footing; they are equal as to the extent

of their powers. Those who have heretofore granted licenses shall still grant them ; but there shall be no tipling in groceries ; that is the evil to be suppressed, and it shall be expressed on the face of licenses to grocers. Neither the trustees of Rochester, nor any other commissioners of excise out of the city of New-York, can grant any license to grocers in any other form. Here is another example of the rule of construction of statutes: that the last provision shall prevail. The previous part of this section declares that the provisions of the title "shall not impair the powers of the trustees of any village specially authorized by law to grant licenses to sell strong or spirituous liquors; and then follow the words, "but such powers shall be exercised *in the manner herein prescribed.*" That manner is a total prohibition. Now it so happens that the only power which the trustees of Rochester had in granting licenses, was a power to license grocers to sell liquor to be drank in the buildings in which their groceries were kept. The first part of the section in question says, this power shall not be impaired ; while the latter part says that the license shall contain an express declaration that it shall not be deemed to authorize such sale of any liquor or wine to be drank in the house, shop, out house, yard or garden of the person receiving such license. Suppose such a license to be drawn out in form, would it not be a nullity? If I may be allowed the expression, it would be a *felo de se ;* it would destroy itself; it would be an absurdity. To avoid such an absurdity, the rules of construction apply ; the latter part of the section prevails, and repeals that which precedes, and is repugnant. The consequence is that the trustees of Rochester have no power whatever to grant licenses to grocers. So the trustees correctly adjudged.

A mandamus is denied, with costs.