Mr. Justice Clayton
delivered the opinion of the court.
By the charter of the town of Aberdeen, passed in 1837, the legislature granted to it the sole power to grant licenses to sell vinous and spirituous liquors, within the corporate limits thereof, and to appropriate the money arising therefrom to city purposes. In 1848 an act was passed by the legislature, changing the purposes to which the money so arising was to be applied, and directing it to be paid to the Aberdeen Female Academy. This is an action of assumpsit, brought to recover an amount received by the corporation for such licenses, after the passage of the act of, 1848, and which it had refused to pay on application to .the trustees of the academy. The judgment below was for the corporation, and the casé thence comes to this court: The validity of the latter act is thus brought into controversy.
It is admitted in argument by the counsel of the plaintiff in error, that if this grant had been to a private corporation, it Avould have been beyond the power of the legislature after > wards to divert the funds, arising from the exercise of this franchise, to any other purpose than the one indicated in the charter. But it is insisted, that the rule in regard to public corporations is different; that they are instituted for purposes connected with the administration of the government, and may be controlled by the legislature at pleasure, because such a corporation is not a contract within the provision of the constitution of the United States; that the public is in reality the only party.
To a certain extent, this is undeniably true. The charters of such corporations may be repealed, modified, and amended at the pleasure of the legislature, so far as relates to the political rights and powers of the corporators. 2 Kent, 305; People v. Morris, 13 Wend. 337. In this last case it is said, “We know of no vested rights of political power, in any citizen or body of citizens; except those conferred by the constitution.” But there *647 is a well defined limit to this doctrine. Public corporations may have, and often do have, private rights and private interests. Ang. & Ames, Corp. 9. As to such interests, they are regarded in the same light as individuals, and are dealt with accordingly. Bailey v. Mayor of New York, 3 Hill, 541; City of St. Louis v. William Russell, 9 Mo. Rep. 507. Chancellor Kent lays down the rule, “ that grants -of property and of franchises coupled with an interest, to public or political corporations, are beyond legislative control, equally as in the case of the property of private corporations.” 2 Comm. 305, note. In Dartmouth College v. Woodward, 4 Wheat. 663, the chief justice said : “In respect to public corporations, which exist only for public purposes, such as towns, cities, &c., the legislature may, under proper limitations, change, modify, enlarge, or restrain them, securing, however, the property for the use of those for whom, and at whose expense, it was purchased.” Judge Story in the same case says : “In respect to franchises, whether corporate or not, which include a permanency of profits, such as a fishery, a ferry, a market, or a fair, there is no pretence to say that grants of them are not within the constitution.” — “ The government cannot recall its own endowment granted to any hospital, or college, or city or town, for the use of such corporations.” Ib. 698, 699.
The grant in this case is of a franchise; and Blackstone says: “ The same identical franchise that has before been granted to one, cannot be bestowed on another, for that would prejudice the former grant.” 2 Kent, Comm. 37. From these authorities it would seem to follow, that it is beyond the power of the legislature to make a different disposition of the funds arising from such licenses, from that contained in the charter, unless with the consent of the corporation.
But it is urged, that there is a distinction between the powers and privileges conferred upon a public corporation, for public or municipal purposes, and those conferred for its private advantage or emolument, and that the franchise in this case belongs to the former class, and may be repealed at pleasure.
In our opinion, the grant in this case partakes of the character *648 of both of these incidents. The power to grant the license was given for public purposes, and to enable the corporation to make a selection among those who might apply for such license, to limit the number, and thus, in some degree, to check the evils of indiscriminate and unlimited, license. This may have been intended as a municipal and police regulation. Yet it is manifest, that a profit and advantage were expected to be'derived from this source, and that they were to inure to the corporation. So far as relates to the power of granting the license, the legislature might repeal it, or prohibit its exercise. That pertains to the government of the public corporation. The fund itself arising from such licenses, is for the private advantage and emolument of the town. The legislature cannot continue the franchise and permit its exercise, and yet divert the advantage to be derived from it, to another purpose than that pointed out by the charter, because that would invade the private interest of the corporation. It may take away the franchise entirely, but if permitted still to reside with the corporation, it must remain with all its incidents and advantages. This principle is very clearly stated in Bailey v. Mayor of New York, 3 Hill, 539. The court says: “ Regard should be had, not so much to the nature and character of the various powers conferred, as to the object and purpose of the legislature in conferring them. If granted for public purposes exclusively, they belong to the corporate body in its public, municipal, or political character. But if the grant was for purposes of private advantage and emolument, though the public may derive a common benefit therefrom, the corporation, as to-this, is to be regarded as a private company. It stands on the same footing as would any individual or body of persons, upon whom the like special franchises had been conferred.”
The cases of Harrington v. The Village of Rochester, 10 Wend. 547, and of The People v. Morris, 13 Ib. 325, show the right of the legislature entirely to abolish such franchise. The same principle was recognized by this court, in a case growing out of this very charter. Corporation of Aberdeen v. Saunderson, 8 S. & M. 670. But it was there also announced, that the *649 amounts received for licenses could not be applied to any other purposes than those indicated in the charter. With the aid of the very excellent briefs filed by the counsel on each side of this cause, we have given to the principle there laid down a careful, reconsideration, and have been strengthened in the belief of its .correctness.
The judgment is affirmed.