DETERMINED IN THE

# THIRD DEPARTMENT

AT

# GENERAL TERM,

# 𝕸𝖆𝖞, 1876.

---

THE VILLAGE OF GLOVERSVILLE, RESPONDENT, *v.* WILLIAM HOWELL AND FRED. HOWELL, APPELLANTS.

THE SAME *v.* THE SAME.

THE SAME *v.* JOHN J. MASON.

THE SAME *v.* THE SAME.

*Excise laws — chap. 505 of 1873 — chap. 444 of 1874 — Village charter — how affected by subsequent general laws on the same subject — Local regulations, having the force of laws — may be committed to the people of the district — St. Const., art. 3, § 16.*

The general excise law for the entire State (chap. 444, 1874), giving rights of action for penalties to overseers of the poor, does not repeal by implication the provisions in that behalf of an existing village charter, which authorized such actions in the name of the village.

*Village of Deposit* v. *Vail* (12 N. Y. [5 Hun], 310), and *Village of Cohoes* v. *Moran* (25 How., 385) approved.

Where a village charter, entitled "An act to reorganize the village of Gloversville," confers municipal powers, and also includes the right to make police regulations and prohibit the sale of intoxicating liquors, *held,* that these latter provisions were germain to the title of the act, and subjects properly within the objects of municipal duties and regulations; and that

such charter was not void on the ground that it was in violation of the provision of the Constitution, which declares that no private or local bill shall embrace more than one subject, and that shall be expressed in the title.

The fact that a village charter provides that the question of the absolute prohibition of the sale of intoxicating liquors is to be submitted to the popular vote in the village, does not invalidate the act. While only general statutes can be enacted by the legislature, yet it is well settled that the power to make local regulations, having the force of law in limited localities, may be committed to the people of those districts themselves.

APPEAL by the defendants from a judgment, rendered on the verdict of a jury against them, for selling liquor without a license.

The complaint charged an unlawful sale by the defendants of spirituous liquors, to be drank on their premises in the village of Gloversville, on each of the days commencing on the 12th day of February, 1875, and ending with the 13th day of March of the same year.

The defendants interposed as a defense: 1. A general denial. 2. That the right of action, if any existed, was not in the village of Gloversville, but was vested in the overseer of the poor of the town of Johnstown, which town embraced the said village. And, 3. That they had license to sell from the town board of excise, from and after the 22d day of February, 1875, and justified thereunder for all sales from its date.

On the trial it was proved that the defendants were hotel-keepers in the village of Gloversville, and sold liquor at their hotel by the glass on every day between February 12th and March 13th, 1875, and several times each day, except from and including the eighteenth February, to and including the twenty-second of the same month. The defendants produced a license to sell, granted them by the town board of exise, dated February 22d, 1875, for the period of one year from its date. It was also admitted that, by a vote taken pursuant to the charter of the village (chap. 505 of 1873), on the first Tuesday of March, 1874, and again on the first Tuesday of March, 1875, a majority voted against license. The judge before whom the cause was tried, without a jury, with other material facts, found that the defendants sold strong and spirituous liquors at the time and times charged in the complaint, without license, to the number of thirty times, one-half of which was after February 22d, 1875, and directed judgment against them for

$1,500. From this judgment, entered pursuant to such direction, the defendants appealed to the General Term.

*Earl & Smith* and *H. B. Cushney,* for the appellants.

*H. E. Smith* and *C. M. Parke,* for the respondent.

BOCKES, J. :

The first objection here urged, to wit, that the action cannot be maintained in the name of the village of Gloversville, is answered by the decision of this court in *The Village of Deposit* v. *Vail* (12 N. Y. Sup. Ct. R. [5 Hun], 310). It was there held, adopting the opinion of Judge EDWARDS, county judge, in that case, that a subsequent general excise law for the entire State, giving rights of action for penalties to overseers of the poor, would not repeal by implication, the provisions in that behalf of an existing village charter, which authorized such actions in the name of the village. The decision in *The Village of Cohoes* v. *Moran* (25 How., 385), is an additional authority on this question. This point, therefore, needs no further comment, save to repeat our satisfaction with the reasoning and conclusion of Judge EDWARDS in the case cited.

Nor can it be maintained that the village charter is void in its provisions here under discussion, on the ground that it is in violation of the Constitution, which declares that no private or local bill shall embrace more than one subject, to be expressed in the title. (Art. 3, § 16, State Const.) The title is a general one, it is true, "An act to reorganize the village of Gloversville." But such general title is sufficient as to all subjects properly within the object of municipal duties and regulations. So it was held *In re, etc.* (50 N. Y., 504), that this provision of the Constitution was complied with if the title of the act fairly and reasonably announces the subject, and that a single one, and if the various parts thereof have respect or relate to that subject. The purpose of the charter was to confer municipal powers; this, of course, involved police regulations. The inhibitions upon the sale of intoxicating liquors have been frequently held to come appropriately under that head. Thus the provisions of law, here under examination, are manifestly germain to the title of the act ;

and this remark will well apply to the prohibitory provision in the charter. Nor did the fact that the question of absolute prohibition was to be submitted to the popular vote in the village invalidate the law. It is now well settled that while general statutes must be enacted by the legislature, the power to make local regulations, having the force of law in limited localities, may be committed to the people of those districts themselves. (18 N. Y., 38; 23 id., 439; 26 id., 467–471, 472; 28 id., 605.) It was competent therefore for the people of the municipality, being authorized by law so to do, to determine by popular vote the question of license or no license within the bounds of the village. The provisions of the charter brought under examination by the appeal in this case are not, as I think, unconstitutional. But it is insisted that the prohibitory clause, and the authority to grant licenses by the board of trustees of the village, are repealed by the act of 1874, creating town boards of excise; and, further, that the license to the defendants by the town board protected them from and after February twenty-second, the day of its date. It may be well to note the provisions of law applicable to this particular subject at the time the charter of the village of Gloversville was adopted, May 14, 1873. At that time the general laws provided for a board of commissioners of excise in each of the cities, incorporated villages and towns of the State. In cities such boards were composed of three members to be appointed as by law provided. In incorporated villages, they consisted of the president of the board of trustees and two trustees to be designated by the board of trustees. And in towns they consisted of the supervisor and justices of the peace. The right to grant licenses was confided to such boards by the general law. Then came the special act incorporating the village of Gloversville, known as its charter. This law contained other and special provisions in regard to the sale of intoxicating liquors. It provided for the granting of licenses by the board of trustees of the village, instead of by a board of commissioners of excise having its authority under the general act applicable to the entire State. And the authority to the board of trustees to grant licenses at all was made dependent on the vote of the people on the question of license or no license. Now we need to proceed no further, to observe that the village charter created a separate and distinct

system from that enunciated by the general act, as regards the sale of intoxicating liquors. The authority to license was conferred upon the board of trustees; not upon a board of excise, provided for in and by the general law. The board of trustees was also limited in its action, in that regard, to meet the requirements of a contingency, dependent upon the popular vote of the municipality. No such limitation attached to the board of excise under the general law. Thus the inhabitants of Gloversville were made subject to special provisions, with reference to the sale of intoxicating liquors. On this subject, and under the charter, they had a law to themselves. Thus stood the case prior to the act of 1874; that is, as is well said by counsel, the general act of 1870 and the special act of 1873 were both in force — the latter in Gloversville, and the former elsewhere in the State — and there was no conflict or repugnancy between them. Then, are the provisions of the charter above considered repealed by the more recent law of 1874? They are not expressly repealed; if repealed it is by implication. The act of 1874 makes no reference in terms to the village charter of Gloversville, nor is the latter, or any of its provisions, embraced in its general application; for, as will be seen on careful examination of that act, it provides for boards of excise to " discharge the duties *imposed* upon the supervisors and justices of the peace of towns, and the president and trustees of incorporated villages thereof, by chapter 175 of the Laws of 1870, and laws amendatory thereof, and supplementary thereto." This leaves the provisions of the charter of Gloversville untouched; inasmuch as the " *duties imposed*" upon the president and trustees of that village were *imposed* by its charter, and not by chapter 175 of the Laws of 1870, or by any amendment thereof or supplement thereto. Thus, according to the exact language of the act of 1874, the village of Gloversville was excepted from its provisions as regards the subject of excise, and that village was left to be governed by its charter. This is the plain import of the law, and it is reasonable and right in itself. Thus it is seen that the act of 1874 was intended to reach and cover the ground embraced within the provisions of the act of 1870, as amended and supplemented, nothing more. And we have seen, also, that the provisions of the village charter of Gloversville stood separate and distinct from that act. The case

before us may therefore be considered, as if the act of 1874 had no existence. In so far as this question of granting license is concerned, it has no application to the village of Gloversville; the municipal affairs of that village, including the regulating of the sale of intoxicating liquors, are controlled by the provisions of its charter. The case in hand differs from *Harrington* v. *Trustees of Rochester* (10 Wend., 547), where the provisions of the Revised Statutes extended to, and were intended to embrace the city of Rochester. As said by Mr. Justice SAVAGE, the terms used (in the Revised Statutes) were general and comprehensive, and applied to the whole State. Here, however, the act of 1874 was no more comprehensive than was the act of 1870, with its amendments and supplements, which, as we have seen, left the village of Gloversville outside its purview, to be governed by its charter. Certainly there is no repeal of any of the provisions of the charter in terms, nor is there, as I think, any repeal of them by implication. In no respect are the provisions of the act of 1874, and those contained in the village charter, in distinctive antagonism. That act and the charter may both stand together; there is no absolute repugnancy in their provisions; the remark of Mr. Justice HOGEBOOM, in *The Village of Cohoes* v. *Moran* (25 How., 385), may be well adopted as applicable to this case. He says, in my opinion, the provisions in question may well be upheld as a valid police regulation, sanctioned by the legislature, and applicable to the particular locality, without coming in collision with any of the provisions of the general law; and he suggests that even if some of the provisions should be cumulative in their operation, they should not be held repugnant, in a sense to effect a repeal by implication. If these conclusions be sound, the subject of excise, as regards the village of Gloversville, is controlled by the provisions of the village charter, notwithstanding the act of 1874. The authority to grant licenses for the sale of intoxicating liquors within the village limits rests with the board of trustees, and is dependent on the popular vote of the municipality, as provided in the charter.

In this case, therefore, the defendants were without justification in making the sales of intoxicating liquors proved against them. They had no license to sell from the board of trustees of the vil-

lage. For part of the time embraced in the complaint they held a license from the town board of excise, but that was unauthorized in law, and, of course, afforded them no protection. We are of the opinion that the decision of the learned judge at the Circuit was right, and that the judgment should be affirmed. This conclusion disposes of the other three cases argued in connection with this one. The judgment in each of those cases must also be affirmed.

LEARNED, P. J., and BOCKES, J., concurred.

Judgments affirmed with costs.