### VAN RENSSELAER *vs.* KIDD.

4    17
63h 273

4b        17
172 NY[1]  48

The supreme court has no jurisdiction to restrain, by injunction, the collection of taxes, on the ground that the returns are insufficient, and show no authority for the issuing of the warrants to collect the same.

If the proceedings for the assessment and collection of taxes are void there is a perfect remedy at law; and the defect appearing on the face of the proceedings, there is not such a cloud upon the title to the lands assessed as will authorize a court of equity to set aside or stay the proceedings.

If such proceedings are not void, but merely voidable, or irregular, the remedy of the owner of the property assessed is not in a court of equity; which has no jurisdiction to grant relief.

Van Rensselaer *v.* Kidd.

In Equity. This was a motion to dissolve an injunction on bill and answer. The bill was filed for relief against assess-ments and taxes imposed under the act entitled " an act to equalize taxation," passed May 13, 1846, to collect which, war-rants had been issued by the defendant as treasurer of Albany county. It was claimed on the part of the plaintiff that the said act was void, and if not void, that the assessments made under it were unjust, illegal and oppressive. The particular grounds on which the plaintiff asked relief, sufficiently appear in the opinion of the court.

*J. A. Collier*, for the defendant.

*C. M. Jenkins*, for the plaintiff.

*By the Court*, Parker, J. On a motion to dissolve the in-junction in *Livingston* v. *Hollenbeck, Sheriff of Columbia,*(a) I had occasion to examine, at some length, several of the ques-tions discussed on the argument of this motion. For my views, therefore, upon the constitutionality of the act of 1846, entitled " an act to equalize taxation," and the right of the landlord to reduce his tax under it by affidavit, I refer to my opinion in that case. It is unnecessary now to repeat the reasons why I think that act constitutional, and why the landlord has the right to avail himself of affidavits before the assessors, to the same extent as in other cases of personal assessments.

The plaintiff relies mainly upon *The Mohawk and Hud. Rail-Road Co.* v. *Clute*, (4 *Paige*, 384,) to show that this court has equitable jurisdiction to correct an error in assessments. But that case was widely different in principle from this. It was a bill in the nature of a bill of interpleader, to obtain relief against assessments on its capital in two different towns, and to ascertain to which of the two the tax was legally payable. It was conceded by the pleadings, and by the counsel on the hearing, that the company was properly taxable in the town of Rotterdam, in the county of Schenectady, where its principal

(a) *Ante, p.* 9.

Van Rensselaer v. Kidd.

office was situated, and not in the second ward of the city of Albany. And it was therefore on the conceded ground of mistake as to the place where the personal estate of the company was taxable, that the injunction was sustained against the collector of the second ward of the city of Albany.

It had previously been held in *Thompson* v. *Ebbets*, (*Hopk. Rep.* 272,) that a person who is taxed in two different places for the same property, when he is only legally liable to be taxed once, and when it is doubtful to which party the right to tax belongs, may file a bill of interpleader to compel the collectors of the tax to settle the right between themselves.

But the case before us is essentially of a different character. The plaintiff asks this court to examine into the items of each assessment, and correct it, and to grant equitable relief, on the ground that the returns are insufficient and show no authority for the issuing of the warrants. I think these are matters not within the equitable jurisdiction of this court. The case of *Van Doren* v. *The Mayor of New-York*, (9 *Paige*, 388,) covers the whole ground. If the proceedings are void, there is a perfect remedy at law, and the defect appearing on the face of the proceedings, there is not such a cloud upon the plaintiff's title to lands affected by the warrants, as can authorize a court of equity to set aside or stay the proceedings. If the proceedings are not void, but merely voidable or irregular, the remedy of the plaintiff is not in this court, which has no jurisdiction to grant relief. (*Morris* v. *Smedley*, 6 *John. Ch. Rep.* 28. 4 *Id.* 352. *Mayor of Brooklyn* v. *Messerole*, 26 *Wend.* 132. 1 *Paige*, 114.)

At all events, I do not see how the injunction can be retained. The allegations of the bill are entirely on information and belief, (*Campbell* v. *Morrison*, 7 *Paige*, 157,) and are as fully, at least, denied in the answer. Besides, the filing of a notice of lis pendens will protect the plaintiff. (*Osborne* v. *Taylor*, 5 *Paige*, 515.)

The injunction must therefore be dissolved.