In the Matter of the Petition of MATTHIAS B. SMITH to vacate an Assessment.

Where a sidewalk in the city of New York has once been paved, upon a plan and of a width at the time deemed suitable, any additional pavement, although it be simply to give additional width, leaving the original pavement undisturbed, is a repavement, requiring as a condition precedent a petition of a majority of the property holders along the line of the improvement (Chap. 410, Laws of 1882), and if made without such petition an assessment therefor is invalid.

An aggrieved property holder, however, is not entitled to the special remedy given by the act of 1858 (Chap. 338, Laws of 1858), where the assessment was confirmed after June 9, 1880, for an improvement completed after the passage of the act of 1880 (Chap. 550, Laws of 1880) amending and limiting the operation of the original act ; the remedy confided to the courts by said act is limited by the amendatory act to the single case of assessments exceeding the honest and just value of the improvements.

(Argued June 17, 1885 ; decided June 26, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made October 31, 1884, which affirmed an order of Special Term denying a motion to vacate an assessment upon premises of the petitioner in the city of New York for laying an additional course of flagging upon the sidewalk in Eightieth street.

The motion was made under the act chapter 338, Laws of 1858. The objection to the assessment was that the work was a repavement and so required as a condition precedent a peti-

tion of a majority of the property holders along the line of the improvement and that there was no such petition.

*Truman H. Baldwin* for appellant. No petition of the property-owners for the work having been made, no department, board or officer of the city government had power to lay an assessment therefor. In fact, such assessment was expressly forbidden by the statute. (§ 875, N. Y. City Consolidation Act of 1882, re-enacting § 115 of the Charter of 1873, as amended by § 22, chap. 757, Laws of 1873; *In re Garvey*, 77 N. Y. 523; *In re Grube*, 81 id. 139; *In re Hearn*, 96 id. 378; *In re Deering*, 85 id. 1; *Matter of Weil*, 83 id. 543; *In re Robbins*, 82 id. 131; *In re Emigrant S. Bk.*, 75 id. 388; *People* v. *Brooklyn*, 71 id. 495; *Donovan* v. *City of New York*, 33 id. 290; *Chase* v. *Chase*, 95 id. 373.) The provision of the charter of 1873 forbidding this assessment, re-enacted in the Consolidation Act as section 875, was not repealed by section 12, chapter 550, Laws of 1880, re-enacted in the same Consolidation Act as section 903. (*People* v. *Brooklyn*, 71 N. Y. 495; *People* v. *Quigg*, 59 id. 83; *In re Commrs. of Central Park*, 50 id. 497; *Whipple* v. *Christian*, 80 id. 526; *Village of Gloversville* v. *Howell*, 70 id. 287; *In re D. & H. C. Co.*, 69 id. 212; *Dederer* v. *Voorhies*, 81 id. 159.) The expression "substantial error," in the act of 1880, itself (§ 903 of Consolidation Act), is authority of itself to vacate this assessment, for to lay an assessment, when an assessment is expressly forbidden by statute, is the most substantial error conceivable. (*In re Emigrant Ind. S. Bk.*, 75 N. Y. 396; *In re Deering*, 85 id. 1; *Chase* v. *Chase*, 95 id. 373; *In re Second Ave. M. E. Church*, 66 id. 395–400.) The court below erred in assuming that the ordinance was passed without authority of law; that the execution of the work could have been by application to the court, and that petitioner, not having made such application, is precluded by section 903 from this application to vacate. (*In re Lange*, 85 N. Y. 307.)

*D. J. Dean* for respondent. The improvement in question is not a case of repavement. (§ 875 of the Consolidation Act of 1882 ; *Matter of Grube*, 81 N. Y. 139 ; *In re Garvey*, 77 id. 523.) The assessment in question should not be vacated, the work having been commenced subsequently to June 9, 1880. (Chap. 410, Laws of 1882, § 902 ; chap. 550, Laws of 1880, § 12 ; *Matter of Mead*, 74 N. Y. 216 ; *Lennon* v. *Mayor, etc.*, 55 id. 365 ; *Dolan* v. *Mayor, etc.*, 62 id. 472 ; *Matter of Mayor, etc.*, 50 id. 508.) There is justice and propriety in denying a special remedy to persons who have neglected to avail themselves of an appropriate general remedy and by their *laches* have suffered the public money to be expended for the improvement of their property without timely objection. (*People* v. *Common Council*, 65 Barb. 9.)

FINCH, J. The additional width of sidewalk for which the assessment was laid was a re-pavement within the construction heretofore adopted. (*In re Garvey*, 77 N. Y. 523.) That the existing width was left undisturbed, and a new strip added, making the flagging eight feet wide instead of four, as originally laid, does not alter the result. The sidewalk had been once paved upon a plan and of a width at the time deemed suitable, and that act exhausted the authority given, and left any new paving of the same walk to be governed by the statute which required as a condition precedent a petition of a majority of the property-owners along the line of the improvement. (Laws of 1882, chap. 410, § 875.) The decision in *The Matter of Grube* (81 N. Y. 139) did not hold the contrary. There, the roadway had never been paved at all, on any plan or of any width, and the ruling was that there was no re-pavement of the roadway because the sidewalks had been flagged.

It follows that there was no authority for this assessment since the property-owners rested contented with the pavement as originally laid and made no petition for a change, or for the additional width, and the petitioner would be entitled to have the assessment vacated but for another and peremptory enactment which forbids.

The petitioner is pursuing his remedy under the provisions of the act of 1858 (Chap. 338) and its amendments. That is a special remedy. It was given in addition to and in excess of the usual and ordinary remedies of the citizen in repelling an unlawful levy and resisting an illegal claim. It was speedy and summary; confined to one locality; and designed to remedy evils peculiar to that locality. It was a remedy which the legislature might give or refuse; and having given, might modify or limit at its pleasure. Originally very broad and covering a large class of cases, it was at a later period very much narrowed and restricted. (Laws of 1880, chap. 550, § 12.) That restriction took the form of a positive prohibition. It forbade any interference with assessments through the operation of the special remedy as to all such confirmed after June 9, 1880, for any improvement completed after the date of the enactment, and whether such assessments were "in fact or apparent," "void or voidable," except that they might be reduced to the fair value of the actual improvement made. For all assessments back of June, 1880, the special remedy remained unchanged, but from that time forward its sole possible application was to cases where the complaint could be redressed by reducing the assessment to the level of the just value of the improvement.

It is argued that this amendment did not repeal and was not intended to repeal the act which forbids a re-pavement without the consent of a majority of the property-owners adjoining. That is true, undoubtedly. The amendment does not validate an illegal assessment; but it does narrow a special remedy so that it no longer covers that particular wrong, and remits the injured party to the ordinary remedies of the citizens generally, except that a bill in equity to vacate the assessment or remove it as a cloud on title is forbidden. (Laws of 1882, chap. 410, § 897.) The property-owner may still challenge the validity of the assessment whenever his property is seized under it, or it is made the foundation of proceedings against him.

It is again argued that the amendment was intended to reach and must be construed to cover only cases of irregularity or

fraud, in which an original authority to make the assessment existed and not those in which there was no such authority. The language of the section does not permit such a construction. When it describes the assessments to which it applies not only as existing "in fact" but as merely "apparent," and not only as "voidable" but as "void," it carefully shuts the door upon any such limited construction; and lest the meaning should even then be doubtful, it adds that "in no event shall that proportion of any such assessment, which is equivalent to the fair value of any actual local improvement with interest from the date of confirmation, be disturbed for any cause." The emergency which led to the act of 1858 is well understood. It was deemed to be of an exceptional nature and for which a new and summary remedy was needed. The applications to vacate became numerous and crowded the appropriate tribunals. In 1880 when the restrictive amendment was adopted, a local tribunal was established (§§ 906, 907, 908, 909, 910, 911), empowered wherever substantial injustice had been done by assessments confirmed before June of that year to revise, modify or vacate the same; the evident purpose being to mainly concentrate in the local tribunal the class of litigation provided for, and leave the special remedy confided to the court narrowed to the single case of assessments exceeding the honest and just value of the improvement.

The courts below were, therefore, right in determining that the special remedy invoked by the petitioner had no application to the case which he presented.

The order should be affirmed, with costs.

All concur.

Order affirmed.