Van Brunt, P. J.
The ground upon which it is sought to set aside this assessment is, that the sewer was constructed without lawful authority and that the assessment, therefore, is illegal and void, and that the petitioner is entitled to have it vacated of record.
Mr. Justice Lawrence, who heard the motion in the court below, clearly shows by his opinion that no such relief can be granted in this proceeding, and the views expressed in such opinion we adopt. * That he arrived at the correct conclusion is evidenced by the decision of the court of appeals in the Matter of Smith (99 N. Y., 424) in a proceeding of a character similar to the one at bar to vacate an assessment, because there was no authority for the doing of the work for which the assessment was levied. The court in that case say : The petitioner is pursuing his remedy under the provisions of the act of 1858, chapter 338, and its amendments. That is a special remedy which was .given in addition to, and in excess of the usual and ordinary remedies of the citizen in repelling an unlawful levy and resisting an illegal claim. It - was speedy and summary, confined to one locality, and designed to remedy ¡evils peculiar to that locality. It was a remedy which the legislature might give ,or refuse, and having given might modify or limit at its pleasure. Originally very broad, and ■covering a large class of cases, it was at a later period very mu,ch narrowed and restricted. Laws of 1880, chap. 550, ■§ 12. That restriction took the form of a positive prohibition, which forbade any interference with assessments through the operation of the special remedy as to all such confirmed after June 9, 1880, for any improvement completed after the date of the enactment, and whether such ■assessments were “ in fact or apparent ” “ void or voidable,” except that they might be reduced to the fair- value •of the actual improvement made. For all assessments back ■of June, 1880, the special remedy remained unchanged, but from that time forward its sole possible application was to cases where the complaint could be redressed by reducing ¡the assessment to the level of the just value of the improvement.
It .is argued that this amendment did not repeal, and was not intended to repeal the act which forbids a repavement without consent of a majority of the property owners .adjoining. That is true, undoubtedly.
The amendment does not validate an illegal assessment; but it does affect the special remedy, so that it no longer covers that particular wrong, and remits the injured party to the ordinary remedies of citizens generally, except that a bill in equity to vacate an assessment or remove it as a *366 ■cloud upon title is forbidden.- Laws of 1882, chap. 410, § 897). The property owner may still challenge the validity- ' of his assessment whenever his property is seized under it';, -or it is made the foundation of proceedings against him.”
The ground upon which the assessment in the case at bar is sought to be set aside is precisely of the same character as that in the case cited; and under the principles laid, down in that case in conformity with the statute, the appellant cannot avail himself of the peculiar facilities afforded-by this statute.
The order should be affirmed, with costs.:
Macomber and Brady, JJ., concur.
The following is the opinion of Lawrence, J., referred1 to in opinion above:
Lawrence, J.
This is an application to vacate an assessment on the ground of substantial errors,-the errors-assigned being mainly that the sewer in question is of no. benefit to the petitioner’s property, having no outlet capable of draining and carrying off water; that no-plan or suitable map showing the location and course of said sewer was-filed in accordance with chapter 381 of the Laws of 1865-(Consolidation Act, § 327, etc.), prior to the construction of the same; that the outlet of said sewer is'upon private-property, which has not been taken for the public use, and. that in discharging the water and other-material from said sewer upon said property, the city- authorities have been; guilty of a tresspass; and that any assessment '-for said sewer is therefore. illegal and void, under the authority of The People v. Haines (49 N. Y., 587); Matter of Rhinelander (68 N. Y., 105); Matter of Cheesebrough, (78 N. Y., 232), and similar cases.
It is contended by the corporation counsel, in resisting the motion, that the court is forbidden, by section 903 of the consolidation act (which is but are-enactment of section 12 of chapter 550 .of the Laws of 1880), from vacating the-assessment., That section is as follows: “No court shall vacate or reduce any assessment, in fact or apparent, confirmed after June 9, 1880, whether void or voidable, on any property, -for any local improvement hereafter completed,, -otherwise than to reduce any such assessment, to the extent that the same may be shown by parties complaining thereof, to have been in fact increased in dollars and cents by reason of fraud or substantial error; and in no event shall that proportion of any such assessment which- is equivalent to the fair value of any actual local improvement, with interest from the date of confirmation, be disturbed for any cause. Nothing in this section shall apply *367 to any assessment which may be imposed for the local improvement known as Morningside avenues.”
Upon the argument of this motion and in the brief then, handed in on behalf of the petitioner, the effect of that section of the consolidation act was not discussed, and I therefore gave leave to file a brief in reply to that filed by the corporation counsel. Neither side has cited any authority directly in point, as to the construction which- is to be given to section 903, nor have I been able to find any •case where it has been expressly held that the power heretofore exercised by the court to vacate an assessment which was absolutely void, had been taken away by said statute.
The nature and object of the statute has, however, been referred to in one or two cases, which have been before the court of appeals, and one of them affords much aid in determining the question whether the point raised by the corporation counsel is sound. In the case of Chase v. Chase, 95 N. Y., 377, 380, 381, the court said that the assessment then under consideration, having been confirmed in Decemfee, 1878, was not affected by chapter 550 of the Laws of 1880, from which section 903 of the consolidation act is taken; and they‘further said, after quoting a portion of the language of said act:
“If either of these words describe the result of a successful answer to an effort by the city or other party to enforce the assessment, then it must be conceded that the appeals should fail. We think they do not. They assume ■the appearance of the property owner before the courts in a different attitude, as a party plaintiff, or as one complaining, and who by appropriate action, instigates a court to act affirmatively in his-behalf, and through judicial action modify or vacate the assessment. Such, also, is the clear inference to be drawn from the language of section 12 of that act: ‘ No existing provision of law,’ it says, ‘ shall enable or permit any court to vacate or reduce any assesment ■* * * otherwise than to reduce it to the extent that the same may be shown by parties complaining thereof,’ etc. A party who defends upon the ground that the alleged assessment is, in fact, no assessment—who asks no favor from the court, but only that legal protection to which he is entitled, can, in no sense, be regarded as a party complaining, or as an actor in the proceedings * * * The act of 1880 limited the effect of existing provisions of law, and, in terms, repealed inconsistent statutes, and declared a short period of limitation within which proceedings might be taken to vacate or reduce assessments ■ It went no further. It was evidently aimed at evils tolerated by previous statutes, and-was- to incite to diligence the aggrieved taxpayer. But it contains no words designed to take away any com *368 mon law right of defense against the enforcement of a void' tax, or to validate erroneous or void assessments.”
In the Matter of the Manhattan Elevated R. R. Co. (102 N. Y., 301, 304), the court held that the act of 1880 had no-application to the assessment under consideration, having been confirmed before that act took effect. It is conceded in this case that there is no means of ascertaining to what extent the assessment in question has been increased in dollars and cents by the substantial errors complained of. It is conceded that there was no fraud in the case, and the-ground is taken that the assessment is void absolutely in-' consequence of such errors.
I am constrained to say, after an examination of the record and of the statute, that I think that the effect of the-statute is to take away the power of the court to vacate-this assessment. It was confirmed after the act of 1880,. and after the consolidation act took effect. The language-of the statute is that “any assessment, in fact, or apparent-,, confirmed after June 9th, 1880, whether void or voidable, can only be reduced to the extent that the same may be-shown, by parties complaining thereof, to have been in factrincreased in dollars and cents by reason of fratid or substantial error, and in no event shall that proportion of any such assessment which is equivalent to the fair value of any actual local improvement, with interest from the date of the-confirmation, be disturbed for any cause.” There is no means of determining from the evidence before me what" proportion of the assessment in question would be equivalent to the fair value of the local improvement, and, as already said, it is impossible to determine to what extent in? dollars and cents .the assessment has been increased by the-errors complained of.
I think it quite apparent from the language used by the-court of appeals in Chase v. Chase, that that court regarded the statute of 1880, and the consolidation act, as; taking away from the party aggrieved by a void assessment, where the amount of damage in dollars and cents, or-the fair proportionate value of the improvement could not, be ascertained, the right to move to set aside such assessment. That ease, however, distinctly asserts that the right still remains in the party aggrieved by a void assessment, to resist any proceeding which may be taken by the city authorities for the. enforcement of the same. Therefore, the petitioner, if his allegations in respect to the invalidity of this assessment are true, and if the assessment is void, is not without redress. He can repose upon his rights when an attempt is made to enforce the assessment. He can resist its-collection if he be able to show that it is; void (seo remarks of Danforth, J., at page 381 of 95 N. Y.)
*369 The motion to vacate the assessment is, therefore, denied.

See opinion of Lawrence, J.