| 63 | 271 |
|----|-----|
| 65 | 15 |
| 63 | 271 |
| 79 | 613 |
| 63 | 271 |
| 19ap 45 |

</div>

# THE SIXTH AVENUE RAILROAD COMPANY, RESPONDENT, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANT.

*Municipal corporations — an equitable action will not lie to vacate an assessment in New York city — the remedies of owners are fixed by the consolidation act.*

In 1860 an assessment upon a street railway company for paving a street through which its cars ran was confirmed. In an action brought by the company against the city of New York, in 1884, to vacate and set aside the assessment, it was held that the assessment was duly confirmed and that the company had no cause of action. It was thereafter decided that the rails, ties and tracks of a street surface railroad are not assessable for street improvements. The comptroller of the city of New York, in 1891, advertised the property of the street railroad company for sale under said assessment. Thereupon the company brought an action in equity to vacate the assessment and obtained an injunction restraining the sale.

*Held,* that the action could not be maintained, being forbidden by section 897 of chapter 410, Laws of 1882, the consolidation act.

That section 897 applied to all sorts of assessments, whether void upon their face or not.

APPEAL by the defendant, the Mayor, Aldermen and Commonalty of the City of New York, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 25th day of June, 1891, granting an injunction to restrain the city from selling the railroad of the plaintiff, its property and franchises, for the non-payment of an assessment of $13,108.37,

or from taking any proceedings to enforce or collect said assessment during the pendency of the action. The railroad was advertised to be sold in March, 1891.

It appeared, by an affidavit read in opposition to the motion for an injunction, that on or about the 30th day of October, 1884, a suit was begun by the service of a summons and complaint in another action entitled as above. The previous action was begun to vacate and set aside the same assessment as is involved in this case. An answer was interposed on or about the 12th day of February, 1885. Said action came on for trial on the 27th day of April, 1885, before the Honorable MILES BEACH at a Special Term of this court. Findings of fact and conclusions of law were duly filed, and a judgment was entered thereon on the 17th day of June, 1885, whereby it was adjudged, among other things, that the said assessment was duly confirmed, and that the same had not been paid, and that the plaintiff had no cause of action against the defendant, and that the complaint should be dismissed upon the merits, with costs.

Said judgment was duly entered on the 17th day of June, 1885, and on that day a copy thereof with notice of entry was duly served on the attorney for the plaintiff. No appeal was taken therefrom.

*William H. Clark*, for the appellant.

*Burrill, Zabriskie & Burrill*, for the respondent.

LAWRENCE, J. :

In its complaint the plaintiff demands judgment that a certain assessment may be adjudged not to be a lien on the railroad of the plaintiff, or any part thereof, and that defendant and its officers and agents, etc., be enjoined and restrained from selling or taking any proceedings to sell said railroad, or any of its railroad tracks, etc., for the non-payment of said alleged assessment, and from taking any proceedings to enforce or collect the same, and from making any lease of said railroad, or any part thereof, and that the comptroller and collector of assessments and clerk of arrears be restrained and enjoined as aforesaid during the pendency of this action. The preliminary injunction which was granted at the Special Term was subsequently continued after hearing, and from the order entered upon the decision in the plaintiff's favor this appeal is taken.

The assessment referred to in the moving papers was for the paving of a portion of Sixth avenue, between Carmine street and Forty-second street, which was confirmed as far back as December 21, 1860, and it appears by the affidavit of Mr. Campbell, read in opposition to the motion, that, in a previous action between these parties, in which judgment was rendered on the 17th of June, 1885, it was adjudged, among other things, that the said assessment was duly confirmed, and that the same had not been paid, and that the plaintiff had no cause of action against the defendants, and that the complaint should be dismissed upon the merits, with costs. That action was brought, as appears from the complaint, which forms a part of the answering papers to this motion, for the express purpose of having the assessment above referred to vacated and set aside, and the cloud upon its title removed, and that the assessment be adjudged to be no lien on the plaintiff's railroad, franchises and interest in the realty. It was long ago held that, where proceedings upon an assessment are void upon their face, the Court of Chancery had no jurisdiction to interfere and set aside the assessment, or to restrain the corporation from proceeding to sell the land assessed on the ground that the complainant had a perfect remedy at law. ( *Van Doren* v. *The Mayor*, 9 Paige Ch., 388 ; *Van Rensselaer* v. *Kidd*, 4 Barb., 17 ; *Heywood* v. *Buffalo*, 14 N. Y., 534 ; *Crooke* v. *Andrews*, 40 id., 547.)

Inasmuch as it has been decided by the court of last resort in the case of the *People ex rel. Davidson* v. *Gilon* (126 N. Y., 147), that the rails, ties and tracks of a street surface railroad are not assessable for street improvements, it would appear upon the face of the proceedings that the assessment was void, and that, therefore, under the cases above cited, the plaintiff would be entitled to no relief in equity. The statute in regard to sales for assessments and taxes has been altered since the case of Van Doren and similar cases were decided, and by section 941 of the consolidation act, which was taken from chapter 381 of the Laws of 1871, it is provided that all leases executed by the comptroller, and witnessed by the clerk of arrears upon a sale for unpaid assessments, " *shall be presumptive evidence that the sale and all proceedings prior thereto, from and including the assessments on said lands and tenements, for taxes or assessments, or Croton water rents, and all notices required by law to be*

*given previous to the expiration of the two years allowed to redeem, were regular and according to the provisions of the statute in such cases made and provided."*

As the lease is presumptive evidence of the regularity of all the proceedings anterior to the sale, there would be an apparent cloud upon the plaintiff's title, and under the authority of the cases of *Scott* v. *Onderdonk* (14 N. Y., 9) and *Allen* v. *The City of Buffalo* (39 id., 386); *Rumsey* v. *the City of Buffalo* (97 id., 114) and similar cases, there would be ordinarily jurisdiction to restrain the sale of the plaintiff's property under an illegal assessment, and to prevent the creating of a cloud upon the title. Section 897 of the consolidation act (chap. 410 of 1882), however, expressly provides that: "No suit or action in the nature of a bill in equity or otherwise shall be commenced for the vacation of any assessment in said city, or to remove a cloud upon title, but owners of property shall be confined to their remedies in such cases to the proceedings under this title." This provision was held in *Mayer* v. *The Mayor, etc., of the City of New York* (101 N. Y., 284), to be unqualified and to apply to every class of assessments. By that section, therefore, the power of this court to grant injunctions in cases of this character was absolutely taken away; and although the plaintiff may, on its papers, make out a case which in the absence of that section would entitle it to relief, we are of opinion that the plain provisions of the consolidation act require us to hold that this action cannot be maintained.

We regret to be obliged to reach this conclusion, because it is apparent that the assessment in question was illegal and void, and it seems to be a hardship that the plaintiff should be compelled to submit to a sale of its premises, and of the creation of an apparent cloud upon its title, and to be obliged to assume the burden if proceedings should be taken under the lease to oust it of its property, to show the invalidity or illegality of the assessment. Such, however, seems to be the only course left open to it. (See *Matter of Smith*, 99 N. Y., 424, 427; *Chase* v. *Chase*, 95 id., 373; *Matter of Brainerd*, 51 Hun, 380, 384, 385.) The defendant, however, relies upon the judgment which was obtained in the former action as a bar to this action. That point it is unnecessary to discuss, if the views above expressed are sound.

We are, therefore, of the opinion that the order appealed from should be reversed, with costs and disbursements to the appellant.

VAN BRUNT, P. J.:

I do not think that the statute making the lease presumptive evidence of certain facts in any respect alters the position of the plaintiff from what it would have been had the statute not been passed.

The lease is presumptive evidence of the regularity of the proceedings, but it is not evidence that the property therein described is liable to taxation, it appearing upon its face that it is not. If, therefore, the property of the plaintiffs is not liable to assessment, it appears upon the face of proceedings; and if lease executed, upon face of lease, therefore, and lease would be no cloud. I think that the injunction should be vacated.

O'BRIEN, J.:

For the reason that an action of this nature is forbidden by section 897 of the consolidation act, I concur in result.

Order reversed, with costs and disbursements to the appellant.