14 PEOPLE ex rel. CONSOLIDATED GAS CO. *v.* MYERS.

First Department, June Term, 1892.

Van Brunt, P. J., concurred.

Order reversed and motion denied, with ten dollars costs and disbursements.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CONSOLIDATED GAS COMPANY OF NEW YORK, Plaintiffs, *v.* THEODORE W. MYERS, Comptroller, and Others, Composing the Board of Revision and Correction of Assessment Lists of the City of New York, Defendants.

*Assessments — in the city of New York — review of the action of the Board of Revision and Correction.*

The proceedings of the Board of Revision and Correction of Assessment Lists of the City of New York cannot be reviewed by writ of *certiorari*.

A person aggrieved and seeking affirmative relief must proceed in accordance with the Consolidation Act. (§§ 897, 899 of chap. 410, Laws of 1882.)

The rule by which the right of recovery is to be enforced, where a payment is made under coercion, or where an assessment is illegal, stated.

Certiorari issued upon the petition of the Consolidated Gas Company of New York to review the decision of Theodore W. Myers, Comptroller, William H. Clark, Counsel to the Corporation,

PEOPLE ex rel. CONSOLIDATED GAS CO. v. MYERS.   15

First Department, June Term, 1892.

and Frederick Smyth, Recorder, composing the Board of Revision and Correction of Assessments of the City of New York, upon the confirmation of an assessment laid upon the property of said company for paving Sixteenth street, from Avenue C to the East River in said city.

*Henry H. Anderson*, for the relator.

*George L. Sterling*, for the respondents.

O'Brien, J.:

In this proceeding the relator seeks to review the action of the Board of Revision and Correction of Assessment Lists in confirming the assessment for paving Sixteenth street, from Avenue C to the East river. In view of the conclusion at which we have arrived respecting the relator's remedy, it is unnecessary to discuss the merits or review the facts as they appear upon the writ and the return.

We do not think, under the present condition of the law, that a writ of *certiorari* will lie to review the action of the Board of Revision and Correction of Assessment Lists. In the case of the *Sixth Avenue Railroad Company* v. *The Mayor* (63 Hun, 274), we had occasion to examine the law relating to the remedies that were provided for the relief of persons who felt themselves aggrieved by illegal assessments. It was therein held that section 897 of the Consolidation Act (chap. 410, Laws of 1882), was unqualified and applied to every case of assessments. (See, also, *Mayer* v. *The Mayor*, 101 N. Y., 284.) This section (897), provides: "No suit or action in the nature of a bill in equity, or otherwise, shall be commenced for the vacation of any assessment in said city, or to remove a cloud upon title, but owners of property shall be confined to their remedies in such cases to the proceedings under this title." Unless, therefore, the relator here can show that the remedy to which he resorted is one provided for by the act the court is without authority or power to grant relief. The relator would, seemingly, acquiesce in this view; because, while not referring us to any authority which would sanction a proceeding in this form to get rid of an assessment claimed to be illegal, he relies upon this very Consolidation Act alone (§§ 897–899), as authority for this proceeding. As we have seen, section 897 expressly confines the remedy. Section 898 provides a remedy

by which a person aggrieved by an illegal assessment can take summary proceedings in court for its removal or reduction; but this section does not sanction nor authorize this to be done upon a writ of *certiorari.* Section 899 prohibits the setting aside of assessments for certain irregularities and technicalities. We do not think, therefore, that a writ of *certiorari* will lie, for reasons similar to those given in the Sixth Avenue Railroad case and which we have again attempted briefly to point out.

In addition to the remedy provided by section 898 of the Consolidation Act there are other remedies open to the relator. Should he pay the assessment under coercion, under the authority of *Jex* v. *The Mayor* (130 N. Y., 536), and other cases which recognize the principle laid down in that case, an action at law would seemingly lie to recover the money back. Or, as determined in the case of *Lennon* v. *The Mayor* (55 N. Y., 361), if the assessment is illegal he can refuse to pay it, and payment by the city could not be enforced.

As said in *Sixth Avenue Railroad* v. *The Mayor* (*supra*): "It seems to be a hardship that the plaintiff should be compelled to submit to a sale of its premises and of the creation of an apparent cloud upon its title, and to be obliged to assume the burden, if proceedings should be taken under the lease to oust it of its property, to show the invalidity or illegality of the assessment. Such, however, seems to be the only course left open to it." (See *Matter of Smith*, 99 N. Y., 424–427; *Chase* v. *Chase*, 95 id., 373; *Matter of Brainerd*, 51 Hun, 380, 384; *Lennon* v. *The Mayor*, 55 N. Y., 361; *Astor* v. *The Mayor*, 62 id., 580.) These, and the recent decision of this court in the Sixth Avenue Railroad case, are authorities for the proposition that all remedies for affirmative relief, except as laid down in the sections of the Consolidation Act, have been taken away.

Having called attention that no provision can therein be found which would justify or authorize a writ of *certiorari* to review the action of the Board of Revision and Correction of Assessment Lists, we are of opinion that the writ must be dismissed, with ten dollars costs and disbursements.

Van Brunt, P. J., and Patterson, J., concurred.

Writ dismissed, with ten dollars costs and disbursements.