(31 Misc. Rep. 664.)

PELL et al. v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. June, 1900.)

1. PAVING ASSESSMENTS—THREATENED SALE—PAYMENT—LEGAL COMPULSION.
Where payment was made of a paving assessment after a threatened sale of the property, such payment was not voluntary, but was the result of legal compulsion.

2. SAME—REPAVING—PETITION OF PROPERTY OWNERS.
Under Laws 1882, c. 410, § 875 (re-enacted in Greater New York Charter, § 948), providing that, unless petitioned for by a majority of property owners, no assessment shall be imposed for paving a street which had once been paved and the expense paid by the adjoining owners, where no petition of property owners was made or presented a second assessment made for paving was without warrant of law.

3. SAME—RECOVERY OF ASSESSMENTS.
Laws 1880, c. 550, § 12 (substantially re-enacted in Greater New York Charter, § 962), provides that, after confirmation, assessments for local improvements in New York City, whether void or voidable, shall not be reduced or vacated by a court by reason of any existing provision of law, otherwise than to reduce such an assessment to the extent that it is shown to have been increased in amount by reason of fraud or substantial error, and applies only to summary applications to vacate or modify assessments for fraud or alleged irregularities; and where an illegal assessment is levied, and paid under compulsion by threat of sale. such special legislation does not deprive the taxpayer of his common-law right to recover back money illegally exacted.

4. SAME—ILLEGAL ASSESSMENTS.
Laws 1880, c. 550, § 12 (substantially re-enacted in Greater New York Charter, § 962), providing that, after confirmation, assessments for local improvements in New York City, whether void or voidable, shall not be reduced or vacated by reason of any existing provision of law, otherwise than to reduce such an assessment to the extent that it is shown to have been increased in amount, with the additional provision that the provisions shall apply to actions to recover money paid for assessments, and the amount recovered shall be limited to the fair value of the improvement, such provision applies only where the ground of illegality is the excessiveness of the assessment, and not to cases where the assessment was wholly void. because it could not be legally levied, for then the owner is not bound to pay anything.

5. SAME—RIGHT OF ACTION.
A paving assessment illegally made was confirmed in 1892, and plaintiff made payment after threat of sale of his property. Greater New York Charter, § 1614, provides that no right or remedy shall be affected by the act. *Held*, in an action to recover the amount, that the suit could be maintained, as the rights of the parties were fixed before the charter went into effect, and were not impaired by it.

Action by Charles E. Pell and others against the city of New York to recover back money for an illegal assessment paid under compulsion of a threatened sale.

Walter H. Martin, for plaintiffs.

John Whalen and Geo. L. Sterling, for defendant.

McADAM, J.    The action is to recover back from the city the amount of an assessment paid by the plaintiffs for paving Mangin street from Grand to Houston street, on the ground that the assessment was illegally laid.    The plaintiffs paid the assessment after a threatened sale of their property.    Such a payment is not regarded as voluntary, but the result of legal compulsion.    Poth v. City of New York, 151 N. Y. 16, 45 N. E. 372.    The assessment was confirmed August 7, 1892.    The property had been previously assessed for paving the same street, and the expense thereof had been paid by the property owners.    The consolidation act of 1882 (chapter 410, § 875) provides that:

"Unless it shall be petitioned for by a majority of the owners of the property * * * on the line of the proposed improvement, no assessment shall be imposed for the paving of any street * * * or any part thereof, which street * * * has been once paved and the expense thereof paid by the owners of the adjoining property."

This provision, in an amplified form, has been re-enacted, and made section 948 of the present charter.    No petition of property owners was made or presented in this instance, and the second assessment was therefore without warrant in law.

The defendant claims that, as the present action was commenced after the charter of Greater New York became a law, it cannot be maintained, because:

First.  Section 12, c. 550, Laws 1880, provides that:

"No existing provision of law shall enable or permit any court to vacate or reduce an assessment in fact or apparent, hereafter confirmed, whether void or voidable, on any property for any local improvement in the city of New York hereafter completed otherwise than to reduce any such assessment to the extent that the same may be shown, by parties complaining thereof, to have been in fact increased in dollars and cents by reason of fraud or substantial error; and in no event shall that proportion of any such assessment which is equivalent to the fair value of any actual local improvement, with interest from the date of confirmation, be disturbed for any cause."

Second.  Said section was substantially re-enacted into the Greater New York charter (section 962), with the following addition thereto:

"The provisions of this section shall apply to actions to recover money paid for assessments, and the amount recovered shall be limited to the fair value or fair cost of the improvement."

Section 12, c. 550, Laws 1880, supra, applied to summary applications to the court under the act of 1858 (chapter 338) to vacate or modify assessments for fraud or alleged irregularities, and not to ordinary common-law actions by a taxpayer.    In re Smith, 99 N. Y. 424, 2 N. E. 52.    Of course, where a taxpayer invokes the aid of such a special act, he takes the remedy as the statute gives it, and can get nothing more.    But where an illegal assessment is levied, and the

property offered for sale thereunder, and the owner, by reason of this compulsion, pays the assessment, such special legislation cannot deprive him of his common-law remedy to recover back the money illegally exacted from him. In such case he asks no favor, but demands a right. The provision of the new charter last referred to applies only where the ground of illegality is the excessiveness of the assessment, in which instance the property owner is to pay what the improvement is fairly worth. But where the assessment is wholly void, because none could be legally levied, the owner is neither legally nor equitably bound to pay anything. In this respect the distinction between a total want of jurisdiction in a particular case, and an error in its exercise in another, where power exists, is apparent. In addition to these plain principles, section 1614 of the charter expressly provides "that no right or remedy of any character shall be lost or impaired or affected by this act," etc. The rights of the parties hereto became fixed before the charter went into effect, and are not impaired by it.

There must be judgment in favor of the plaintiffs.