In the Matter of the Petition of the NEW YORK CENTRAL AND HUD-
SON RIVER RAILROAD COMPANY, as Lessee, and the NEW YORK
AND HARLEM RAILROAD COMPANY, as Owner, Appellants, to
Vacate Assessments (1) for Regulating and Grading, Setting
Curbstones, Flagging and Laying Crosswalks in Vanderbilt Ave-
nue East from Ward Line to One Hundred and Seventy-seventh
Street, Confirmed February 17, 1899 ; (2) for Paving Park Ave-
nue, Otherwise Vanderbilt Avenue East, from the Division Line
between the Twenty-third and Twenty-fourth Wards to One
Hundred and Seventy-seventh Street, Confirmed February 17,
1899.

THE CITY OF NEW YORK, Respondent.

*Assessments for local improvements in New York city — the court cannot vacate them.*

The purpose of the Legislature in enacting sections 959 and 962 of the Greater
New York charter (Laws of 1897, chap. 378) was to deprive the court of the
power to vacate for any cause an assessment for a local improvement, and, in so
far as the two sections are repugnant to or inconsistent with each other, effect
must be given to the latter section, which provides, "No court shall vacate
* * * any assessment, in fact or apparent, whether void or voidable, on
any property for any local improvement."

APPEAL by the New York Central and Hudson River Railroad
Company and another, from an order of the Supreme Court, made
at the New York Special Term and entered in the office of the clerk
of the county of New York on the 21st day of July, 1899, denying
their application to vacate two assessments for local improvements.

*Ira A. Place*, for the appellants.

*George L. Sterling*, for the respondent.

McLAUGHLIN, J.:

The New York Central and Hudson River Railroad Company
and the New York and Harlem Railroad Company, upon a verified
petition, applied to the Special Term of this court to have vacated
two assessments upon their property for local improvements, one
amounting to $4,687.82 for regulating and grading, and the other

amounting to $12,627.72 for paving, Vanderbilt Avenue East, in the city of New York.

These improvements were made under a resolution of the common council, and the entire cost of the same was to be assessed "among the owners or occupants of all the houses and lots intended to be benefited thereby, in proportion, as nearly as may be, to the advantage which each shall he deemed to acquire." (Laws of 1882, chap. 410, § 878.)

The petitioners contended in the court below, as they did upon this appeal, that their property upon which the assessments were levied is held and used solely for railroad purposes; that there are no buildings or improvements upon it except railroad structures; and that it is not and will not be benefited by the improvements, and that, therefore, the assessments are illegal. The conclusion at which we have arrived renders it unnecessary to determine whether the petitioners' property is or will be in fact benefited by the improvements, for if it be conceded that it will not, that does not in and of itself entitle them to have the assessments vacated.

It is conceded by both parties that the application to have the assessments vacated is governed by certain provisions of the Greater New York charter (Laws of 1897, chap. 378). The appellants contend that section 959 of the charter is applicable, and that under its provisions the petitioners have the right to apply to have the assessments vacated, and that the court, if the assessments are illegal, has power to vacate and set them aside. This section, or so much of it as is applicable to the question, reads as follows : "If in the proceedings relative to any assessment or assessments for local improvements, or in the proceedings to collect the same, any fraud or substantial error shall be alleged to have been committed, the party aggrieved thereby may apply to a justice of the Supreme Court in Special Term, or in vacation, who shall thereupon, upon due notice to the corporation counsel, proceed forthwith to hear the proofs and allegations of the parties. If, upon such hearing, it shall appear that the alleged fraud or substantial error, other than such errors as are specified in the next section, has been committed as provided in this title, the said assessment shall be vacated or modified and the lien created thereby, or by any subsequent proceedings, shall cease. If, upon such hearing, it shall appear that by reason of any alleged

irregularity the expense of any local improvement has been unlawfully increased, the judge may order that such assessment upon the lands of said aggrieved party be modified by deducting therefrom such sum as is in the same proportion to such assessment as is the whole amount of such unlawful increase to the whole amount of the expense of such local improvement."

It is not claimed that the assessments should be set aside on the ground of fraud, but it is insisted that "substantial error" was committed; that the improvements being of no benefit whatever to the petitioners' property, there was no basis for the assessments and no authority under the statute to impose the same. On the other hand, the respondent contends that under section 962 of the charter the court has no power to vacate an assessment for local improvements. Section 962 reads as follows: "No court shall vacate or reduce any assessment, in fact or apparent, whether void or voidable, on any property for any local improvement otherwise than to reduce any such assessment to the extent that the same may be shown by parties complaining thereof to have been in fact increased in dollars and cents, by reason of fraud or substantial error; and in no event shall that proportion of any such assessment which is equivalent to the fair value or fair cost of any local improvement, with interest at the rate of three per centum per annum from the date of confirmation to the date of the final order of reduction, and seven per centum thereafter, be disturbed for any cause. The provisions of this section shall apply to actions to recover money paid for assessments, and the amount recovered shall be limited to the excess over the fair value or fair cost of the improvement." These two sections of the charter are somewhat inconsistent, and in some respects repugnant to each other, but in order to ascertain the legislative intent they must be read and construed together, and when this is done, it seems to us clear that the purpose of the two sections, and the object sought to be accomplished by them, was to deprive the court of the power "in any event" to vacate an assessment for local improvements. To hold otherwise, the plain meaning of section 962 must be disregarded and the following words eliminated therefrom: "No court shall vacate * * * any assessment, in fact or apparent, whether void or voidable, on any property for any local improvement."

The court is given the power to reduce an assessment, but is

deprived of the right to vacate it. It may correct an error, but it cannot entirely wipe out the assessment itself. In so far, therefore, as the two sections are repugnant to or inconsistent with each other, effect must be given to the latter in preference to the former. Applying a well-recognized rule, applicable to the construction of statutes, that "' If the latter part of a statute be repugnant to the former part thereof, it shall stand, and so far as it is repugnant be a repeal of the former part, because it was last agreed to by the makers of the statute.'" (*Harrington* v. *Trustees of Rochester*, 10 Wend. 547, quoting Bac. Abr.; see, also, Sedg. Stat. Law, 105.) This rule, it is true, is to be resorted to only in extreme cases and applied, when resorted to, with great caution. But the language of section 962 is so clear and specific that what the Legislature intended to accomplish cannot be seriously questioned, and to give effect to that intent this rule must be applied, so far as is necessary, to effectively carry out the intent. This section is substantially like — in fact, so far as this question is concerned, is the same as — section 903 of the Consolidation Act (Laws of 1882, chap. 410), prior to the amendment of 1895 (Chap. 613). Section 903 of the Consolidation Act was a re-enactment of section 12 of chapter 550 of the Laws of 1880, and which was construed by the Court of Appeals in *Matter of Petition of Smith* (99 N. Y. 424). *Matter of Petition of Smith* was an application to have vacated an assessment for local improvements, and it was there conceded that the assessment in question was in fact illegal, but the court held that it had no power to vacate it. The language of Judge FINCH, in delivering the opinion of the court in that case, is quite applicable to the question here presented. He said: " The petitioner is pursuing his remedy under the provisions of the act of 1858 (Chap. 338) and its amendments. That is a special remedy. * * * It was a remedy which the Legislature might give or refuse; and, having given, might modify or limit at its pleasure. Originally very broad and covering a large class of cases, it was, at a later period, very much narrowed and restricted. (Laws of 1880, chap. 550, § 12.) That restriction took the form of a positive prohibition. It forbade any interference with assessments through the operation of the special remedy as to all such confirmed after June 9, 1880, for any improvement completed after the date of the enactment, and whether such assessments were ' in fact or

apparent' 'void or voidable,' except that they might be reduced to the fair value of the actual improvement made. * * * The amendment does not validate an illegal assessment, but it does narrow a special remedy, so that it no longer covers that particular wrong and remits the injured party to the ordinary remedies of the citizen generally, except that a bill in equity to vacate the assessment or remove it as a cloud on title is forbidden. (Laws of 1882, chap. 410, § 897.) The property owner may still challenge the validity of the assessment, whenever his property is seized under it, or it is made the foundation of proceedings against him. It is again argued that the amendment was intended to reach, and must be construed to cover only cases of irregularity or fraud in which an original authority to make the assessment existed, and not those in which there was no such authority. The language of the section does not permit such a construction. When it describes the assessments to which it applies, not only as existing 'in fact' but as merely 'apparent,' and not only as 'voidable' but as 'void,' it carefully shuts the door upon any such limited construction, and lest the meaning should even then be doubtful, it adds that 'in no event shall that proportion of any such assessment which is equivalent to the fair value of any actual local improvement, with interest from the date of confirmation, be disturbed for any cause.' * * * The courts below were, therefore, right in determining that the special remedy invoked by the petitioner had no application to the case which he presented." (See, also, *Matter of Brainerd*, 51 Hun, 380; affd., 117 N. Y. 623; *Matter of Feust*, 121 id. 299; *Matter of Cullen*, 53 Hun, 534.)

We are of the opinion that the application was properly denied and that the order appealed from is right and must be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., BARRETT and RUMSEY, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.