In the Matter of the Application of GUSTAVE J. FUERTH, Respondent, for Cancellation of Assessment for Repaving Grand Avenue, between West Tremont Avenue and West 176th Street, Extending from West Tremont Avenue South to the Northerly Line of West 176th Street, in the Borough of The Bronx, City of New York.

CHARLES W. BERRY, as Comptroller of the City of New York, and Another, Appellants.

First Department, May 24, 1929.

*Elliot S. Benedict* of counsel [*Charles W. Miller* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel,* attorney], for the appellants.

*Harry B. Chambers* of counsel [*Douglas Mathewson* with him on the brief], for the respondent.

O'MALLEY, J. The petitioner is the owner of real property which fronts on Grand avenue between Tremont avenue and West One Hundred and Seventy-sixth street in the borough and county of The Bronx. An assessment in the sum of $4,421.45 was entered as a lien against his premises on April 15, 1926, and was for a part of the cost of repaving Grand avenue, subsequent to June 20, 1910.

The petitioner seeks relief upon the ground that the assessment was illegal and void. The basis of his claim is that as the street in front of his premises was, prior to June 20, 1910, paved at the cost of the abutting owners, a repaving could not be charged against present abutting owners except upon petition by a majority of such owners on the line of the improvement. His claim is made by virtue of the provisions of section 948 of the Greater New York Charter, which, though differently worded, existed in substantially the same form prior to 1910 and at the time the original paving is alleged to have been done.

This section (as amd. by Laws of 1915, chap. 591), in so far as material, provides:

" Pavements which were laid or authorized between January first, eighteen hundred and ninety-eight, and June twentieth, nineteen hundred and ten, the cost of which  *  *  *  was paid for  *  *  *  by the owners of the adjoining property  *  *  *  shall be deemed to be permanent pavements.

" No street, or portion thereof, that shall have been paved with a pavement deemed a permanent pavement  *  *  *  shall be repaved at the expense of the adjoining property owners, unless a majority of the owners of the property on the line of the proposed improvement shall petition for such repaving at their expense by assessment."

Without passing upon the contention of the corporation counsel that the original paving does not come within the purview of the section of the charter quoted, we are of opinion that another objection raised by him is fatal to the petitioner's right to relief in this proceeding. Under the charter provisions applicable and

the authorities construing them, the petitioner has no affirmative right, directly or indirectly, to vacate the assessment and cancel the lien by the summary order made herein. His remedy is either by way of defense when his property is levied upon; or removal of the apparent lien by payment of the tax and a subsequent suit to recover back the amount paid. (Greater New York Charter, §§ 958, 959, 962; *Matter of Smith*, 99 N. Y. 424; *People ex rel. Martin* v. *Myers*, 135 id. 465; *Scudder* v. *Mayor, etc., of N. Y.*, 146 id. 245; *Matter of N. Y. C. & H. R. R. R. Co.*, 49 App. Div. 281; affd., 163 N. Y. 604.)

Respondent contends that sections 958-964 of the Greater New York Charter apply only where the ground of illegality is the excessiveness of the assessment, in which instance he is to pay what the improvement is fairly worth; but where the assessment is wholly void because none could be legally levied, it is urged that he is neither legally nor equitably bound to pay anything and may have the assessment vacated and the lien canceled. Thus is sought to be drawn a distinction between an assessment which is wholly void and one which is claimed to be merely voidable. The only support which the respondent cites for such a construction of the statutes in question is an opinion at Trial Term. (*Pell* v. *City of New York*, 31 Misc. 664.) That, however, was an action to recover back an assessment already paid and the distinction attempted to be made between a void and a voidable assessment was merely by way of dictum.

This proceeding may not be regarded as one merely to compel proper officials to act, as distinguished from one directly or indirectly to cancel an assessment. It is true that the comptroller may cancel in writing and annul a void assessment " by and with the advice and written consent of the corporation counsel." (Greater New York Charter, § 958, as amd. by Laws of 1922, chap. 475.) It is to be noted, however, that in the present proceeding not only is the corporation counsel not a party, but he is strenuously, as attorney for the comptroller, resisting the petitioner's claim.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, and the proceeding dismissed, with fifty dollars costs.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, the motion denied and the proceeding dismissed, with fifty dollars costs.