In the Matter of the Application of EDWARD LANGE to Vacate an Assessment.

The provision of the act of 1872 (§ 6, chap. 580, Laws of 1872) in relation to certain local improvements in the city of New York, authorizing the board for the revision and correction of assessments, to consider on the merits all objections made to any assessment, etc., does not give that board jurisdiction to vacate and set aside an assessment because of want of power in the corporation to impose any assessment whatever for the work.

The appropriate function of the board is to review the judgment and discretion exercised by the board in distributing the tax.

Where, therefore, a person whose land was assessed for a local improvement appeared before said board and objected to the confirmation of the assessment upon the ground that no valid assessment could be imposed, as the work was not let by contract, *held*, that he was not concluded thereby from questioning the validity of the assessment in proceedings instituted, under the act of 1874 (Chap. 338, Laws of 1874), to set it aside.

*It seems* that even if the said board had jurisdiction to pass upon the objection, the appearance and presentation of it would not bar the remedy

under said act; the right given by the statute to review by petition proceedings relating to an assessment includes the right to review the action of the board of revision and correction.

(Argued May 3, 1881; decided May 13, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made February 4, 1881, which affirmed an order of Special Term, vacating an assessment on lands of the petitioner for regulating, grading, etc., One Hundred and Sixteenth street, in the city of New York.

The facts sufficiently appear in the opinion.

*James C. Carter* for appellant. The board of revision and correction of assessments is a judicial body and its conclusions upon all matters within its jurisdiction are, to all intents and purposes, judgments. (Laws of 1872, chap. 580, § 6; *Embury* v. *Conner*, 3 N. Y. 511; *Clemens* v. *Clemens*, 37 id. 59; *Mercein* v. *The People*, 25 Wend. 64; *Dwight* v. *St. John*, 25 N. Y. 203.) The fact that the board of revision and correction of assessments is a special inferior tribunal does not in any manner detract from the conclusiveness of its judicial action. (*White* v. *Coatesworth*, 6 N. Y. 137; *Kelsey* v. *Ward*, 38 id. 83; *Yonkers & N. Y. F. Ins. Co.* v. *Bishop*, 1 Daly, 449; *Reynolds* v. *Schultz*, 4 Robt. 282.) When any property-owner appears before the board of revision, and objects to the confirmation of the assessment, and that assessment is confirmed, every objection which was in fact made, or might have been made, is directly passed upon. (*Gates* v. *Preator*, 41 N. Y. 113; *Embury* v. *Connor*, 3 id. 511.)

*James A. Deering* for respondents. The action of the board of revision and correction of assessment-lists in confirming the list is no bar to the relief which the petitioner claims. (*In re Empire City Bk.*, 18 N. Y. 199; *Hauptman* v. *Catline*, 20 id. 247; *Stocking* v. *Hunt*, 3 Den. 274; *Sullivan* v. *Brewster*, 1 E. D. Smith, 681; Sedgwick on Statutory and Constitutional Law, 600.) The authority of the legislature over taxation and

assessment is supreme, and its only limitations are such as are found in the nature of the power itself, or in express or implied restrictions of the National and State Constitutions. (Dillon on Mun. Corp., §§ 586, 596; Cooley on Taxation, 528; *State* v. *Jersey City*, 36 N. J. 381; *Miller* v. *Graham*, 17 Ohio [N. S.], 1.) No action of the board of revision could make the assessment valid. (*Matter of the Emigrant Ind. Bk.*, 75 N. Y. 388; *In re. Cram*, 69 id. 461.) The confirmation by the board of revision and correction of assessment-lists has not the force of a judgment of a court of record. (*Doughty* v. *Hope*, 3 Den. 599; affirmed 1 Comst. 42; *Hassan* v. *Brooklyn*, 40 N. Y. 372; *Ireland* v. *Rochester*, 51 Barb. 414; *Palmer's Case*, 31 How. Pr. 42; *Matter of De Peyster*, 80 N. Y. 573; *Matter of Zabrowski*, 68 id. 88; Dill. on Mun. Corp., § 596; *Roosevelt Hospital* v. *The Mayor*, MS., Ct. of App., February, 1880; Cooley on Taxation, 33; *In re Turfler*, 46 Barb. 52; *Pearse* v. *Barton*, 3 Metc. 520; *In re Beams*, 17 How. Pr. 460.)

Andrews, J. No valid assessment could be imposed upon the property of the petitioner, for the expense of regulating, grading, etc., Seventy-second street. The work was not let by contract, but was done by day's work, and we have recently decided in the case, *In re Robbins* (82 N. Y. 131), that the omission to let the work by contract, was a fatal objection to the whole assessment.

But it is claimed that the petitioner is concluded from questioning the validity of the assessment, for the reason that prior to its confirmation by the board for the revision and correction of assessment-lists, he appeared upon notice before the board, and objected to the confirmation, on the same ground which he now urges in his petition, as a reason for vacating the assessment, and that the board, after considering the objection overruled it, and confirmed the assessment. The board, it is said, in determining the question, acted judicially, and its decision is in effect a judgment, which the petitioner is precluded from now calling in question.

The learned counsel for the city, in support of this contention, relies upon the sixth section of the act, chapter 580 of the Laws of 1872, which after declaring that the board of revision and correction of assessment lists constituted by chapter 308 of the Laws of 1861, "is hereby continued and established," enacts as follows: " Said board shall have power to consider on the merits all objections made to any assessment, and to subpœna and examine witnesses in relation thereto, and to confirm said assessments, or to refer the same back to the board of assessors for revisal and correction, in such respects as they may determine."

It is a plain proposition, that parties are only concluded by a judgment, in respect to matters of which the court rendering it had jurisdiction, and which it had the power to decide, and that a decision upon a matter not within its jurisdiction, concludes no one, and cannot be pleaded as *res judicata*. (*Embury* v. *Conner*, 3 N. Y. 511.) Conceding that the board of correction and revision, in deciding upon objections to assessments, act judicially, it is, we think, a plain answer to the point, that the petitioner is concluded in this case, that the board had no jurisdiction to set aside and vacate the assessment, for want of power in the corporation to impose any assessment whatever, for the particular work to which it relates. The scheme of the statutes regulating local assessments in the city of New York, includes as one of its features, the creation of a board of assessors, charged with the duty of making estimates and assessments of the expenses incurred in the prosecution of local improvements. (Chap. 302, Laws 1859, § 2 ; chap. 898, Laws 1869, § 2.) This board has succeeded to the powers of the persons who under the seventeenth section of the act of April 9, 1813, were specially appointed by the municipality to make such assessments. But the board has no power to initiate a local improvement, or to direct an assessment therefor. Its function is simply to spread the expense of local improvements, as certified to the board, by the proper authority, over and upon the lands and property benefited. It is not its province, to pass upon the validity of an assessment which it is directed to make, or to go

behind the certificate of the board or officer certifying the expense. In apportioning the tax, the assessors are called upon to exercise their judgment as to the property benefited by the improvement, and the relative proportions of benefit received. But to guard against erroneous or unjust valuations and inequality in the distribution of the tax, it is provided that notice of the completion of the lists shall be given by the assessors, and an opportunity for objections. (Laws 1859, chap. 302, § 16.)

A further protection is provided, in the nature of an appeal from the assessors, to the board of revision and correction. This board was created by chapter 308 of the Laws of 1861, and by that act, the authority previously vested in the common council, " relative to assessment lists and the confirmation thereof," was vested in the board thereby created. The act of 1872 continued this board and defined its powers with more precision than in the act of 1861. But this act has not been regarded as conferring, upon the board of revision and correction, any broader powers, in respect to assessment lists, than it before possessed. (Church, Ch. J., *In re Mayer*, 50 N. Y. 507; Earl, J., in *Tone* v. *The Mayor*, 70 id. 163.) The general power of the board, is indicated in its official title. It is a board for the revision and correction of assessment lists. The act of 1872, authorizes the board to hear on the merits all objections, but its final action is confined either to a confirmation of the assessment, or to returning it to the board of assessors, for revisal or correction. There is no power given to the board of revision and correction, to inquire into the original authority to make the assessment, or to vacate the assessment for defect of power in the city to impose it, and this power cannot, we think, be gathered from the statutes creating it. Its appropriate function is to review the judgment and discretion exercised by the assessors, in distributing the tax. It may very well be, that the want of power in the city to impose the assessment, would be a sufficient answer to a mandamus, to compel the assessors to lay the tax, or to compel the board of revision and correction, to act upon or confirm the assessment. But we think the question of the authority of the corporation to impose the assessment at all, is not

one within the jurisdiction of the board of revision and correction, so that their determination concludes a party who has appeared, and interposed the objection that no such power existed. In *Embury* v. *Conner* it was held that an order of the court, confirming proceedings of the corporation in taking lands for the widening of Ann street, did not preclude the owners from subsequently contesting, in an action of ejectment, the title to a portion of the lands taken, on the grounds that they were not taken for the purposes of the street, and that the act, so far as it authorized the taking of lands not required for public use, was unconstitutional. (See, also, *Doughty* v. *Hope*, 3 Den. 599; *S. C.*, 1 N. Y. 79.) The power of revision conferred upon the board for the revision and correction of assessments, is a simple and convenient remedy for grievances, resulting from the erroneous exercise of the discretion vested in the board of assessors, but the board cannot validate an assessment, which there was no power to make.

We are of opinion also that the remedy by petition, given by chapter 338 of the Laws of 1874, is not barred by the appearance of the petitioner before the board, even if the board had jurisdiction to pass upon the objection presented. Unless the remedy by petition exists, it is at least open to question whether under the provisions of the second section of chapter 312 of the Laws of 1874, any review, by certiorari or otherwise, of the determination of the board can be had; and it is not reasonable to suppose that it was intended to vest in a board of city officers, the power to finally and conclusively determine the question of jurisdiction to lay an assessment.

The right given by the statute to review, by petition, the proceedings relating to the assessment, includes the right to review the action of the board of revision and correction, and the fact that the board of revision and correction, has decided the question presented by the petition, is not, we think, a bar to this remedy.

The order should, therefore, be affirmed.

All concur.

Order affirmed.