THE PEOPLE OF THE STATE OF NEW YORK ex rel. SIDNEY DILLON and Others v. EDWARD GILON and Others, Composing the Board of Assessors, and EDWARD V. LOEW and Others, Composing the Board of Revision and Correction of Assessments.

*Assessment for paving street in New York city — when railroad property in tunnels under the street cannot be assessed — when enclosed ornamental grounds cannot be assessed as public parks.*

Upon the hearing had on the return to a writ of *certiorari*, issued to review an assessment made to defray the expenses of improving and paving a portion of Fourth avenue, which had been in part devoted to railroad purposes, the railroad being below the surface of the street, and in part carried through tunnels containing openings in the crown of the wall forming the upper part of the tunnels, it was claimed that a portion of the expenses should have been assessed against the company.

*Held,* that as the board, whose action it was sought to review, had decided that there was no proof to show that the structure of the railroad company was in any manner benefited by this pavement, the company was not liable to any assessment.

*Matter of Lange* (85 N. Y., 307) followed.

It was further contended in support of the writ that parks constructed upon the surface of the wall covering the tunnel should likewise have been assessed for part of the expenses of this improvement.

*Held,* that as the parks were simply ornamented grounds enclosed with iron railings, tending more to beautify the avenue itself than to promote any other object, and as they were not constructed in such a manner as to be useful and beneficial to the public, they were not such property as could be made to bear a part of the expense of the improvement.

*Matter of Turfler* (44 Barb., 46) distinguished.

CERTIORARI to review an assessment made to defray the expenses of improving and paving Fourth avenue, from Seventy-second to Ninety-ninth street, in the city of New York.

*Truman H. Baldwin,* for the relators.

*Albert L. Cole,* for the respondents.

Daniels, J.:

This avenue had been in part devoted, under the authority of chapter 702 of the Laws of 1872, to the construction and operation of railroads. These railroads were below the surface of the street, and in part carried through tunnels containing openings in the crown of the wall forming the upper part of the tunnels. It was objected by the relators to the assessment that a portion of the expenditure for the improvement of the avenue should have been assessed against the property of the railroad company. But that position could only be sustained by proof of the fact that the property of the company was benefited by the pavement of the avenue. Such proof is no farther given than to show that the surface of the street, including portions of the wall of the tunnel, was covered with a concrete foundation before the pavement was laid upon it, and that was averred to have become necessary because of the height of the wall above the natural surface of the street. But this was answered by proof of the fact, considered sufficient by the boards, that the concrete foundation was necessary for the preservation of the pavement itself after it was laid, and to avoid its sinking and producing depression in the street at the side of the wall extending above that part of the tunnel. And that fact was maintained to the satisfaction of the boards whose action it is sought to review by the writ issued in this proceeding. Beyond that it was not shown that the structure of the railroad company was in any manner benefited by this pavement. Its walls were as complete and secure before the pavement was laid as they were afterwards, and were made no more enduring by the laying of the pavement. There was, therefore, no proof in the case tending to establish the fact that the company was benefited by the improvement, and without being benefited it was not liable to be assessed for any portion of the expense, for that by the law was required to be borne by the property alone benefited by the pavement. (*Matter of Lange*, 85 N. Y., 307.)

It was further contended in support of the writ that parks constructed upon the surface of the wall covering the tunnel should likewise have been assessed for part of the expenses of this improvement. And the case of *Matter of Turfler* (44 Barb., 46) has been cited as sustaining this position. But it fails to do so, for these parks were not constructed in such a manner as to be useful and

beneficial to the public as those which were considered in that case. They were simply ornamented grounds enclosed with iron railings, tending more to beautify the avenue itself than to promote any other object. The spaces improved were portions of the avenue appropriated to the uses of the railroads under the authority of the act to which reference has been made. They do not appear to have been benefited in the least by the pavement, but they themselves were rather a benefit to the pavement, by enhancing and increasing the attractions of the avenue. In no legal sense were they such property as could be made under the statutes to bear a part of the expenses of this pavement. And as these are the only points upon which the action of the boards has been assailed, it follows that their proceedings should be affirmed, with costs.

BRADY, P. J., concurred.

Proceedings affirmed, with costs.