In the Matter of the Petition of SIGMUND FEUST to vacate an Assessment.

The New York City Consolidation Act of 1882 (Chap. 410, Laws of 1882) has not taken away the remedy by petition for the vacation or reduction of an assessment for a local improvement in the city of New York for fraud or substantial error under contracts made subsequent to June 9, 1880, the date of the Assessment Commission Act (Chap. 550; Laws of 1880), but has restricted the remedy (§ 903) to a reduction of the assessment to the extent it was increased by reason of the fraud or substantial error.

*It seems* that in no event can the reduction be below the fair value of the improvement.

(Argued April 28, 1890; decided May 6, 1890.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made January 10, 1890, which affirmed an order of the Special Term reducing by twenty per cent an assessment on the petitioner's lots for regulating, grading, etc., Morris avenue, from One Hundred and Thirty-eighth to One Hundred and Fifty-sixth streets.

The material facts are stated in the opinion.

· D. J. Dean for appellant. The court has no jurisdiction under the terms of the Consolidation Act to vacate or reduce this assessment in the present form of procedure. (*Craig* v. *Town of Andes*, 93 N. Y. 405 ; *Town of Solon* v. *W. S. Bank*, 114 id. 130.) On the merits, the petitioner is not entitled to any reduction because he has failed to show either fraud or substantial error, or in fact any illegal action at all. (*In re Bassford*. 50 N. Y. 509.)

*Truman H. Baldwin* · for respondent. The court has jurisdiction of this proceeding. (Laws of 1882, chap. 410, §§ 903, 904; Code Civ. Pro. §§ 3333, 3334.) This court will not review the determination of the court below on conflicting testimony on questions of fact. (Code Civ. Pro. § 1337; *Bassett* v. *Wheeler*, 84 N. Y. 466, 469 ; *In re Ross*, 87 id. 514, 515.) This is a case of an assessment increased twenty per cent above the fair value of the improvement, by reason of fraud or substantial error. (*Brady* v. *Mayor, etc.*, 20 N. Y. 312, 318 ; *Appleby* v. *Mayor, etc.*, 56 How. Pr. 423, 430 ; *In re E. I. S. Bank*, 75 N. Y. 388 ; *In re P. E. P. S.*, Id. 324 ; *In re Walter*, 76 id. 354; *In re Merriam*, 84 id. 596, 610 ; *In re Anderson*, 109 id. 554; 47 Hun, 203.)

Andrews, J. There was evidence that the assessment for regulating and grading Morris avenue largely exceeded the fair value of the work performed. The case is one of a contract let without having been preceded by any but the most general estimates of quantity, and where the proposals made no distinction between rock and earth excavation, but required bids for excavation to be made without discrimination as to the character of the material to be excavated, whether rock or earth ; in other words, that a single price should be named by the yard for the aggregate excavation required. The contract was let at the price for excavation of $3 per yard, double the fair value of rock excavation, and four or five times the value of earth excavation, and as it turned out nearly the whole excavation was earth, only a very small proportion consisting of rock.

There was but the most cursory examination by the officers of the city to ascertain the character of the material to be excavated, although it appears that it could have been ascertained with approximate certainty by the exercise of reasonable diligence.

Upon these and a variety of other facts shown, the judge at Special Term found that there was fraud or substantial error in the proceedings, and reduced the assessment on the petitioner's lots twenty per cent. The findings of fact by the Special Term were confirmed by the General Term, and as they are sustained by evidence they are conclusive here.

The only point of law presented arises upon the claim in behalf of the city that the Consolidation Act (Chap. 410, Laws of 1882) has taken away the remedy by petition for the vacation or reduction of an assessment for a local improvement in the city of New York for fraud or substantial error, except where the assessment was completed prior to June 9, 1880 (the date of the Assessment Commission Act, chap. 550, Laws of 1880), or in case of assessments for the improvement of Morningside avenue.

The contract for regulating and grading Morris avenue was made January 29, 1883, and the work was completed December 6, 1883, and if the contention of the city is sound, the petitioner has no remedy by this proceeding. But we are satisfied that the Consolidation Act has not taken away the remedy by petition in cases of assessments for local improvement, under contracts made subsequent to June 9, 1880. It has restricted the remedy in such cases, where fraud or substantial error is shown, to a reduction of the assessment to the extent that it was increased by reason of the fraud or substantial error. The assessment cannot, in cases arising after June 9, 1880, be vacated wholly, as could formerly have been done, but the property owner may apply to have the assessment reduced, but in no event can there be a reduction below the fair value of the improvement.

The argument that the remedy by petition has been wholly taken away except in cases of assessments completed before

June 9, 1880, proceeds upon a misconception of the provisions of the Consolidation Act. The act provides first for the vacation, modification or redemption of assessments completed prior to June 9, 1880, and also in case of assessments for Morningside avenue. Sections 898 to 901 are, by section 902, made applicable only to assessments completed prior to June 9, 1880, and Morningside avenue assessments. In these cases the court may still vacate or modify. Section 903 is a general section embracing all assessments confirmed after June 9, 1880, for any local improvement completeted after the passage of the Consolidation Act. It assumed that relief by petition may be obtained in such cases, but limits such relief to a reduction where fraud or substantial error is shown. Section 897 takes away the remedy by action or bill in equity for the vacation of an assessment or to remove a cloud upon title, and confines owners of property to the remedy by proceedings "under this title."

It cannot be supposed that the legislature intended to deprive property owners of all relief against fraudulent, unjust or void assessments in case it happened that the assessments were made subsequent to June 9, 1880.

We think the court had jurisdiction to entertain the proceedings in this case, and, as no error of law appears, the order should be affirmed.

All concur.

Order affirmed.