CHASE v. MAYOR, ETC., OF CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department.   December 10, 1897.)

CITY IMPROVEMENTS — REDUCTION OF ASSESSMENT — RECOVERY OF OVERPAYMENT.

Where an assessment, confirmed in 1885, for street improvements in New York City, was invalid, the owner of property affected did not, by securing a reduction under Consolidation Act, § 897, lose his right to attack the assessment by an action against the city to recover back the balance paid under protest; for under that section the court was restricted to certain reductions, and could not have vacated the assessment for any cause.

Appeal from special term.

Action by George Chase against the mayor, aldermen, and commonalty of the city of New York.   From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal.   Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

George L. Sterling, for appellants.
Clarence L. Barber, for respondent.

RUMSEY, J.   It appears by the complaint that on the 20th of July, 1885, the plaintiff was the owner of certain premises in the Twelfth ward of the city of New York, which were subject to the lien of the assessment spoken of hereafter.   On that day the board of revision and direction of assessment lists confirmed the assessment which had been made before that by the board of assessors of the city of New York for improvements on 1st avenue between 92d and 109th streets, and the assessment was so entered on that day that it became a lien and incumbrance on the plaintiff's premises.   The amount of it, as confirmed, was $3,467.93.   On the 20th of March, 1890, the plaintiff, claiming that the assessment was illegal and inequitable, applied to this court, at special term, pursuant to section 897 of the consolidation act, and the subsequent sections, to vacate or reduce the said assessment; and such proceedings were had upon that application that the assessment was reduced from the original amount to the sum of $2,855.98.   After that time proceedings were taken by the city authorities to enforce the payment of the assessment, and upon the compulsion of those proceedings the plaintiff paid, under protest, the amount of the assessment as reduced.   Afterwards, and in due time, he demanded the repayment of the sum so paid, but that demand was refused; and thereupon he brought this action to recover the amount which he had paid upon the compulsion of that assessment.   The proceedings which had been taken to obtain a reduction of the assessment, and the facts establishing the illegality of it, are fully set out in the complaint, but it is not necessary to refer to them more at large in this opinion.

It is conceded by both parties that within the rule laid down in the case of Poth v. City of New York, 151 N. Y. 16, 45 N. E. 372, where the validity of this matter was involved, the assessment is void, and that the plaintiff, having paid the amount of it, is, under the circumstances, entitled to maintain this action to recover back that

amount, and that the complaint sets up a sufficient cause of action to that end, unless the fact that he has already taken proceedings to obtain a reduction of the assessment operates to bar him from a further attack upon it.    The demurrer of the defendant is based upon the proposition that the plaintiff, having taken proceedings in this court, under the consolidation act, to obtain a reduction of the assessment upon the ground that it was illegal and inequitable, and having obtained certain relief in those proceedings, has elected to pursue that remedy, and that the relief so granted to him in those proceedings is a bar to any other proceedings to attack this assessment, and especially a bar to this action to recover the amount at which the assessment was fixed as just and equitable as the result of his own application.    The rule is well settled that, where a person may have his choice of several remedies to correct an alleged grievance, he is restricted to one remedy, if that remedy is inconsistent with the prosecution of any other.    Where there is, by law or by contract, a choice between two remedies which proceed upon opposite and irreconcilable claims of right, the one taken must exclude and bar the prosecution of the other; but that rule only applies where the remedies sought to be obtained are based upon inconsistent and irreconcilable claims, so that the right which is established by the awarding of one remedy would preclude the party obtaining it from obtaining the other one. For instance, if one is induced by fraud and deceit to enter into a contract, he has his remedy either to disaffirm the contract, and recover back that which he has paid upon it, or to affirm the contract, and bring an action for damages for the fraud which has been practiced upon him.    But it will be seen that the two remedies are inconsistent; the one being based upon the idea that the contract is invalid, and the other going upon the ground that the contract is a valid one, but that the plaintiff was fraudulently induced to enter into it.    In such a case as that, the election of one remedy necessarily precludes resort to the other one.    But the rule extends no further than the reason of it, and a party is not held to his election unless the second action necessarily goes upon grounds which are inconsistent with those established or sought to be set up in the first action.    Mills v. Parkhurst, 126 N. Y. 89, 25 N. E. 1041.

But it is claimed that the final order in the proceedings taken to reduce the assessment is a conclusive adjudication against the plaintiff here of the validity of the assessment, to the amount which was finally established by the court.    There is no doubt that, in making the final order in the proceedings to obtain a reduction of the assessment, the supreme court acted in a judicial capacity, and that the order, when made, being a final order in a special proceeding, had the same force and effect that the judgment of the court in a regular action would have had.    But it is equally well settled that a judgment of a court only concludes the parties to it as to matters in which the court rendering it had jurisdiction, and which it had power to determine, and the parties are not concluded as to any fact or matter which could not have been determined in that proceeding.    Embury v. Conner, 3 N. Y. 511; In re Lange, 85 N. Y. 307.    It is necessary, therefore, to see expressly what the court in

the former proceeding might have done, to enable us to ascertain just how far that proceeding is a bar to this action. That proceeding was taken under section 897 and certain subsequent sections of the consolidation act, providing, substantially, that one who felt aggrieved by an assessment against his property might apply to the supreme court, or a justice thereof in vacation, to vacate or reduce the assessment. But it was further provided by section 903 that no court should vacate or reduce any assessment confirmed after the 9th of June, 1880, on any property, for a local improvement, otherwise than to reduce such an assessment to the extent that the same might be shown to have been increased, by dollars and cents, by reason of fraud or substantial error, and that in no event should that proportion of the assessment which is equivalent to a fair value of the local improvement be disturbed for any cause. The court, then, acting under that statute, which was the measure of its power in special proceeding, had no authority to vacate the assessment, however erroneous or illegal it might have been. It could only reduce it to such an amount as represented its proportional part of the fair expense of the improvement, and in doing that it was precluded from affording any further remedy, although the assessment was in fact utterly void, and no lien at all upon the premises assessed. It is apparent, therefore, that, within the rule laid down in the case of Embury v. Conner, the final order of the court, which went to the limit of its jurisdiction, did not include the remedy which is sought to be enforced in this action, and could not have granted any relief based upon the right to have the assessment set aside. It has already been held that a landowner was not precluded from questioning the validity of an assessment against his premises because he appeared, and objected to its confirmation, and demanded its reduction, before a board which had no authority to vacate it on account of its invalidity. In re Lange, 85 N. Y. 307. And it has also been held that under section 309 of the consolidation act, above cited, the remedy which might be granted to a petitioner in proceedings taken under that act was restricted to a reduction of the assessment to the extent that it was increased by reason of fraud or substantial error. In re Feust, 121 N. Y. 299, 24 N. E. 479. It necessarily results, from the rules established in these two cases, that the determination in the proceeding to reduce the assessment was not a bar to another action to recover back the amount of the reduced assessment when it should have been paid. But it is claimed that the determination which the plaintiff procured in those proceedings was, in effect, an adjudication that the assessment was valid at its reduced amount. This cannot be so. No objection was necessarily made, nor, if made, was there any decision, as to the validity or invalidity of the assessment. The thing which was to be determined by the court, and the only thing which it had authority to determine, was whether the assessment had been increased by reason of fraud or substantial error in fixing the amount to be paid for the work which had been done upon the improvement. That fraud or error might or might not invalidate the assessment. It might be such an error as arose entirely outside of the proceedings upon

which the assessment was based, and to determine that there was an error did not necessarily require the court to say that the assessment was invalid. But, if the assessment was invalid, still the court could give the landowner no remedy based upon the fact that the attempted assessment was no lien upon his premises. The only way in which that fact could be taken advantage of was by his paying the amount at which the assessment was fixed, and bringing this action to recover it back again. If he was mistaken in his claim that the assessment was invalid, the amount paid could not be recovered back, and, unless he could have the amount equitably payable upon the assessment fixed before he paid it, he would be precluded, by the fact of payment, from having the amount which he ought to pay, and which was justly due, if the assessment was valid, fixed and determined. After that amount was fixed, he was in position to pay just what was due, and no more; and, if the assessment was invalid, he could recover that amount back. But, if he paid the amount of the original assessment before taking proceedings under the consolidation act to ascertain the equitable amount of it, he was finally barred from having an equitable adjustment; and the city received from him the difference between what ought to have been paid, and the full amount of the assessment, for which he had no consideration. We can see no reason why the landowner should be placed in such a dilemma, or why he should not be permitted to have determined the precise proportion of the fair cost of the improvement which his land should bear, before he was compelled to pay the money upon it, as a necessary preliminary to testing the validity of it. The case of Hoffman v. City of New York (Sup.) 13 N. Y. Supp. 137, does not apply. In that case the commissioners before whom the plaintiff appeared on his first application had expressly granted to them the power to vacate the assessment, and they could have granted to the plaintiff every remedy which he might have obtained by the action. That fact is relied upon in the opinion of the court, and the Case of Lange, 85 N. Y. 307, is distinguished upon that precise ground.

Upon the fact appearing, the determination of the proceedings to reduce the assessment did not prevent the plaintiff from maintaining this action after the assessment had been paid, and therefore the demurrer was properly overruled; and the judgment entered upon it should be affirmed, with costs, with leave to withdraw demurrer and answer on payment of costs in the court below and in this court. All concur.