In re NEW YORK CENT. & H. R. R. CO. et al.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

LOCAL ASSESSMENTS—POWER TO VACATE—CONSTRUCTION OF STATUTE.
 Section 959 of the Greater New York charter provides that "if in the proceeding relative to any assessment for local improvements, * * * any fraud or substantial error shall be alleged to have been committed, * * * upon hearing by a justice of the supreme court the said assessment shall be vacated or modified," etc. Section 962 provides: "No court shall vacate or reduce any assessment in fact or apparent, whether void or voidable, on any property for any local improvement, otherwise than to reduce any such assessment to the extent that the same may be shown * * * to have been in fact increased in dollars and cents, by reason of fraud or substantial error," etc. Held that, the two sections being inconsistent, effect will be given to the later section, under which a court cannot vacate such an assessment for any reason whatever.

Appeal from special term, New York county.

In the matter of the petition of the New York Central & Hudson River Railroad Company and the New York & Harlem Railroad Company. Appeal from an order denying application to vacate assessment. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and McLAUGHLIN, JJ.

Ira A. Place, for appellants.

George A. Sterling, for respondents.

McLAUGHLIN, J.    The New York Central & Hudson River Railroad Company and the New York & Harlem Railroad Company, upon a verified petition, applied to the special term of this court to have vacated two assessments upon their property for local improvements, one amounting to $4,687.82, for regulating and grading, and the other amounting to $12,627.72, for paving Vanderbilt Avenue East, in the city of New York.    These improvements were made under a resolution of the common council, and the entire cost of the same was to be assessed "among the owners or occupants of all the houses and lots intended to be benefited thereby, in proportion, as nearly as may be, to the advantages which each shall be deemed to acquire."    Section 878, c. 410, Laws 1882.    The petitioners contended in the court below, as they did upon this appeal, that their property upon which the assessments were levied, is held and used solely for railroad purposes; that there are no buildings or improvements upon it, except railroad structures; and that it is not and will not be benefited by the improvements, and therefore the assessments are illegal.    The conclusion at which we have arrived renders it unnecessary to determine whether the petitioners' property is or will be in fact benefited by the improvements; for, if that fact be conceded, it does not, in and of itself, entitle them to have the assessments vacated.

It is conceded by both parties that the application to have the assessments vacated is governed by certain provisions of the Greater New York charter.    Chapter 378, Laws 1897.    The appellants contend that section 959 of the charter is applicable, and that under its provisions the petitioners have the right to apply to have the assessments vacated, and that the court, if the assessments are illegal, has power to vacate and set them aside.    This section, or so much of it as is applicable to the question, reads as follows:

"If in the proceeding relative to any assessment or assessments for local improvements, or in the proceedings to collect the same, any fraud or substantial error shall be alleged to have been committed, the party aggrieved thereby may apply to a justice of the supreme court in special term, or in vacation, who shall thereupon, upon due notice to the corporation counsel, proceed forthwith to hear the proofs and allegation of the parties.    If upon such hearing, it shall appear that the alleged fraud or substantial error, other than such errors as are specified in the next section, has been committed as provided in this title, the said assessment shall be vacated or modified and the lien created thereby, or by any subsequent proceedings shall cease.    If upon such hearing, it shall appear that by reason of any alleged irregularity the expense of any local improvements has been unlawfully increased, the judge may order that such assessment upon the lands of said aggrieved party be modified by deducting therefrom such sum as is in the same proportion to such assessment as is the whole of such unlawful increase to the whole amount of the expense of such local improvement."

It is not claimed that the assessments should be set aside on the ground of fraud, but it is insisted that "substantial error" was com-

mitted; that, the improvements being of no benefit whatever to the petitioners' property, there was no basis for the assessments, and no authority, under the statute, to impose the same. On the other hand, the respondent contends that, under section 962 of the charter, the court has no power to vacate an assessment for local improvements. Section 962 reads as follows:

"No court shall vacate or reduce any assessment in fact or apparent, whether void or voidable, on any property for any local improvement, otherwise than to reduce any such assessment to the extent that the same may be shown by parties complaining thereof to have been in fact increased in dollars and cents, by reason of fraud or substantial error; and in no event shall that proportion of any such assessment which is equivalent to the fair value or fair cost of any local improvement, with interest at the rate of three per centum per annum from the date of confirmation to the final order of reduction, and seven per centum thereafter, be disturbed for any cause. The provisions of this section shall apply to actions to recover money paid for assessments and the amount recovered shall be limited to the excess over the fair value or fair cost of the improvement."

These two sections of the charter are somewhat inconsistent, and in some respects repugnant to each other, but, in order to ascertain the legislative intent, they must be read and construed together, and, when this is done, it seems to us clear that the purpose of the two sections, and the object sought to be accomplished by them, were to deprive the court of the power, "in any event," to vacate an assessment for local improvements. To hold otherwise, the plain meaning of section 962 must be disregarded, and the following words eliminated therefrom: "No court shall vacate * * * any assessment in fact or apparent, whether void or voidable, on any property for any local improvement." The court is given the power to reduce an assessment, but deprived of the right to vacate it. It may correct an error, but it cannot entirely wipe out the assessment itself. In so far, therefore, as the two sections are repugnant to, or inconsistent with, each other, effect must be given to the latter in preference to the former; applying a well-recognized rule, applicable to the construction of statutes, that, "if the latter part of a statute be repugnant to the former part thereof, it shall stand, and, so far as it is repugnant, be a repeal of the former part, because it was last agreed to by the makers of the statute." Harrington v. Village of Rochester, 10 Wend. 547, quoting Bac. Abr.; Sedg. St. Lim. p. 105. This rule, it is true, is to be resorted to only in extreme cases, and applied, when resorted to, with great caution. But the language of section 962 is so clear and specific that what the legislature intended to accomplish cannot be seriously questioned, and, to give effect to that intent, this rule must be applied, so far as is necessary, to effectively carry out the intent. This section is substantially like, in fact, so far as this question is concerned, is the same as, section 903 of the consolidation act, prior to the amendment of 1895 (chapter 613). Section 903 of the consolidation act was a re-enactment of section 12 of chapter 550 of the Laws of 1880, and which was construed by the court of appeals in Re Smith, 99 N. Y. 424, 2 N. E. 52. In re Smith was an application to have vacated an assessment for local improvements, and it was there con-

ceded that the assessment in question was in fact illegal, but the court held that it had no power to vacate. The language of Judge Finch, in delivering the opinion of the court in that case, is quite applicable to the question here presented. He said:

"The petitioner is pursuing his remedy under the provisions of the act of 1858 (chapter 338) and its amendments. That is a special remedy. * * * It was a remedy which the legislature might give or refuse, and, having given, might modify or limit, at its pleasure. Originally very broad, and covering a large class of cases, it was, at a later period, very much narrowed and restricted. Section 12, c. 550, Laws 1880. That restriction took the form of a positive prohibition. It forbade any interference with assessments through the operation of the special remedy as to all such confirmed after June 9, 1880, for any improvements completed after the date of the enactment, and whether such assessments were 'in fact or apparent void or voidable,' except that they might be reduced to the fair value of the actual improvement made. * * * The amendment does not validate an illegal assessment, but it does narrow a special remedy so that it no longer covers that particular wrong, and remits the injured party to the ordinary remedies of the citizen generally, except that a bill in equity to vacate the assessment or to remove it as a cloud on title is forbidden. Section 897, c. 410, Laws 1882. The property owner may still challenge the validity of the assessment, whenever his property is seized under it, or it is made the foundation of proceedings against him. It is again argued that the amendment was intended to reach, and must be construed to cover, only cases of irregularity or fraud, in which an original authority to make the assessment existed, and not to those in which there was no such authority. The language of the section does not permit such a construction. When it describes the assessment to which it applies, not only as existing 'in fact,' but as merely 'apparent,' and not only as 'voidable,' but as 'void,' it carefully shuts the door upon any such limited construction; and, lest the meaning should even then be doubtful, it adds that 'in no event shall that proportion of any such assessment which is equivalent to the fair value of any actual local improvement, with interest from the date of confirmation, be disturbed for any cause.' * * * The courts below were therefore right in determining that the special remedy in vogue by the petitioner had no application to the case which he presented."

See, also, In re Brainerd, 51 Hun, 380, 3 N. Y. Supp. 889, affirmed in 117 N. Y. 623, 22 N. E. 1127; In re Feust, 121 N. Y. 299, 24 N. E. 479; In re Cullen, 53 Hun, 534, 6 N. Y. Supp. 625.

We are of the opinion that the application was properly denied, and that the order appealed from is right, and must be affirmed, with $10 costs and disbursements. All concur.