In re PHŒNIX et al.

(Supreme Court, Appellate Division, First Department.  July 17, 1900.)

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—REDUCTION IN ASSESSMENT.
　　Under Greater New York Charter, § 559, providing that an erroneous as-
　　sessment may be modified by deducting therefrom such sum as is in the
　　same proportion to such assessment as the whole amount of the unlawful
　　increase bears to the whole amount of the expense of the improvement,
　　an order reducing the amount of a street-improvement assessment is erro-
　　neous, where there was no proof of what the cost of the improvement was,
　　since the cost of the improvement is the standard by which a deduction
　　must be made.

Appeal from special term, New York county.

Application of Phillips Phœnix, trustee, and the Metropolitan Trust Company, for a reduction of the amount of a special assessment for a street improvement.  From an order reducing the same, the city of New York appeals.  Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and O'BRIEN, JJ.

George L. Sterling, for appellant.
Walter H. Martin, for respondent.

HATCH, J.  The ground upon which the reduction of the assessment in this case was asked is that substantial error in laying the same has been committed.  It was decided by this court in Re New York Cent. & H. R. R. Co., 49 App. Div. 281, 63 N. Y. Supp. 52, that the court had jurisdiction to make an order, under the provisions of the charter, reducing an assessment, for substantial error.  This case construes sections 959 and 962 of the charter (Laws 1897, c. 378); the court reaching the conclusion that such provisions of the charter do not authorize the setting aside of an assessment, but that they do authorize the reduction of the same, when substantial error has been committed.  So that the court acted, in entertaining jurisdiction of this proceeding, within the powers conferred upon it by the charter; and, if the proof be sufficient to establish the error, the order was proper.  We are, however, of opinion that the evidence fails to disclose the commission of any error in laying this assessment.  It is disclosed by the record that the assessment which is the subject of attack was levied for paving Water street, under a covenant contained in the deed under which the grant was made of lands under water.  By this covenant the owners upon either side of the street agreed to keep said street in repair, and it is conceded that such agreement involved its paving as should be required.  The covenant, as originally made, was perpetual, running with the land; but the legislature in 1889 (chapter 449 of the Laws of that year) enacted that owners of such land upon either side of the street, upon paying one assessment for paving such street, should be thereafter released from the obligation to keep the street in repair, except as the paving, repaving, or repairing should be thereafter petitioned for by a majority of the owners of the property fronting upon the street.  It is conceded that no assessment has ever been paid by the

petitioner under this act, and the only question which the appeal presents is whether the assessment is for a larger amount than he is obligated to pay. It appeared by the proof that the width of the sidewalk adjoining and in front of the premises is 10.40 feet, and to the middle of the carriageway, excluding this sidewalk, is 4.60 feet, and that the latter distance represents, for the front feet along defendant's property, the extent to which he can properly be assessed; the claim being that this is petitioner's proportion, as measured by the obligation of the owner upon either side of the street. Measured by this rule, petitioner's assessment should be $72.34, whereas the sum levied is $233.70. If this rule found correct application to the proceeding, no doubt would exist as to the correctness of the conclusion of the court below; but by the act of 1889 said assessment is to be laid in accordance with the existing provisions of law relating to the paving of streets in this city, so that the provisions of the charter at the time when the assessment was levied apply, and error, if any, can only be predicated upon a violation of the rule for which the charter makes provision. By section 559 of the charter it is provided that an erroneous assessment may "be modified by deducting therefrom such sum as is in the same proportion to such assessment as is the whole amount of such unlawful increase to the whole amount of the expense of such local improvement." There is not a particle of evidence in this record to show that the petitioner's assessment is disproportioned to the whole amount of the expense of the improvement, and, unless such be the fact, the court was without basis to find that the petitioner had been assessed for a penny more than he was obliged to pay. The rule adopted by the court is not a basis upon which the proportion of interest is to be measured. The cost of the improvement is the standard, and, as there is no proof of what that cost was, no error whatever is shown.

The order should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.