In the Matter of THE INCORPORATED VILLAGE OF HEMPSTEAD, Respondent, Relative to Acquiring Title to Real Property Situated in Said Village. RUTH MOTT et al., Appellants.— Appeal by certain objectors from an order of the County Court, Nassau County, confirming the final report of the commissioner of assessment in a proceeding brought by the respondent village to acquire certain lands for a public parking space. The grounds of the appeal are (1) that the village lacks statutory power to assess for benefits; (2) that the statute involved (Village Law, art. 14) is unconstitutional; (3) that the village had bound itself to pay as a general charge against all the property in the village $100,000 of the estimated cost. No other question is raised. Appeal dismissed, with costs to respondent, without prejudice to such future proceedings on the part of the objectors as they may be advised. The commissioner of assessment had no authority or power to inquire into the original authority of the village to levy the assessment or to pass upon the regularity or validity of the proceeding or the question of whether or not the village had bound itself to pay a portion of the cost or the constitutionality of the act

under which the proceedings were instituted. (Village Law, §§ 314, 321-e, 321-ff.) Consequently, those questions may not be presented on this appeal. (Village Law, § 321-L; *In the Matter of the Application of Lange*, 85 N. Y. 307; *In the Matter of Dept. of Public Parks*, 85 N. Y. 459; *Matter of City of N. Y. [Woodhaven Blvd.— Queens]*, 260 App. Div. 659.) Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.